# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

-----------------------------------------------------------------------X

GILBERTO ALFARO; BONNIE ANZ; WILLIAM ARNOLD; MARK ATKINSON; AARON BAILEY; JARED BEDNAR; MICHAEL BELL; DONALD R. BENNETT; ELIZABETH BENNETT; STEVE BESEKE; WHIT BLACKWELL; CHERYL BOHLEN; RANDALL BOLEY; LEIGHTON BOWEN; PHILLIP BOWMAN; LINDA BOYETTE; BRANDA BRADFORD; JOE BRANOVSKY; THOMAS BRIGGS; JOHN BRODERICK; DEBORAH BROWN; MICHAEL BROWN; EDWARD BUNCE; CATHERINE CALLAHAN; GARY CAMPBELL; KEN CARLSEN; KENNETH CASPER; LLOYD CHAMBERLAIN; DAVID CHAMBERS; PATRICK CLEARY; SANDRA CLEARY; MARLIN CLEMONS; PHILLIP COBB; LORETTA COLLINS; STEVEN COLLINS; TIMOTHY CONBOY SR.; BARRY DEAN CONLEY; DONALD COOKS; DANIEL CRESWELL; JAMES CROUSE; EUGENE CULP; BRIAN CURNEAL; LARRY DANIEL; CHERYLE DAVIS; TRELLIS DAY; CHARLES DENGLER JR.; GERALD DESLAURIERS; DONNA DESOTO; SEAN DESROCHERS; JAMES DIXON; ANTHONY DUCEY; TREY DURINGER; JAMES EASTERLING; WARREN EICHNER; STEPHEN EISELE; DAVIE EMBRY; NICHOLAS FARRO; SABRINA FEARS; CRYSTAL FLUCAS; MICHAEL FOWLKES; JEFFERY FRANCIS; PAUL FRONCZEK; TODD FULLER; ZILLIAN FULLER; JAIME GARZA; EARLE GIST; BRUCE GODLOCK; JOHN GOEBEL; FRANCISCO GONZALES; JUAN GONZALEZ; WILLIAM GRANT; JERRY GRAY; TIMOTHY GRAY; RONALD GREEN; NATHAN GRIBBONS; JAMES GRIFFITH; CHRISTOPHER GRINDHEIM; LOWELL GRUBB; JENNY GRUEHR; SHEARL HAMRICK; JAMES HARTMAN; EDWARD HATFIELD; WILLIAM HEDGE; ANTHONY W. HELMER JR.; GREGORY SCOTT HENDERSON; JOHN HOGAN JR.; AMY HOLLINGER; ANDREW HUGGINS; PATRICK JARMAN; AND GARY R JENSEN JR,

Index No. _____/2021

**SUMMONS**

Venue is designated pursuant to CPLR § 503(a) & (c) in that NEW YORK in this county.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

*Plaintiff,*

*-against -*

THE 3M COMPANY, f/k/a Minnesota Mining and
Manufacturing Co., AGC CHEMICALS AMERICAS INC.,
AMEREX CORPORATION, ARKEMA INC.,
ARCHROMA U.S. INC., BASF CORPORATION,
individually and as successor in interest to Ciba Inc.,
BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER
GLOBAL CORPORATION, CHEMDESIGN PRODUCTS
INC., CHEMGUARD INC. CHEMICALS, INC.,
CLARIANT CORPORATION, individually and as
successor in interest to Sandoz Chemical Corporation,
CORTEVA, INC., individually and as successor in interest
to DuPont Chemical Solutions Enterprise, DEEPWATER
CHEMICALS, INC., DUPONT DE NEMOURS INC.,
individually and as successor in interest to DuPont
Chemical Solutions Enterprise, DYNAX CORPORATION,
E. I. DUPONT DE NEMOURS AND COMPANY,
individually and as successor in interest to DuPont
Chemical Solutions Enterprise, KIDDE-FENWAL, INC.,
individually and as successor in interest to Kidde Fire
Fighting, Inc., NATION FORD CHEMICAL COMPANY,
NATIONAL FOAM, INC., THE CHEMOURS
COMPANY, individually and as successor in interest to
DuPont Chemical Solutions Enterprise, THE CHEMOURS
COMPANY FC, LLC, individually and as successor in
interest to DuPont Chemical Solutions Enterprise, and
TYCO FIRE PRODUCTS, LP, individually and as
successor in interest to The Ansul Company, and DOE
DEFENDANTS 1-20, fictitious names whose present
identities are unknown,

*Defendants.*

---------------------------------------------------------------------X

To the above-named Defendant:

You are hereby summoned to answer the Complaint in this action, and to serve a copy of

your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of

Appearance on the Plaintiffs' attorneys within twenty (20) days after the service of this Summons,

exclusive of the day of service, where service is made by delivery upon you personally within the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 10/28/2021

state, or, within thirty (30) days after completion of service where service is made in any other

manner. In case of your failure to appear or answer, judgment will be taken against you by default

for the relief demanded in the Complaint.

Dated: New York, New York
        October 28, 2021

                                        Napoli Shkolnik, PLLC
                                        *Attorneys for Plaintiff*

                                        */s/ Patrick J. Lanciotti*
                                        Patrick J. Lanciotti, Esq.
                                        360 Lexington Avenue, 11th Floor
                                        New York, New York   10017
                                        212-397-1000
                                        PLanciotti@napolilaw.com

To:

3M COMPANY
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE 19808

AGC CHEMICALS AMERICAS INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

AMEREX CORPORATION
c/o James M. Proctor II
2900 Highway 280
Suite 300
Birmingham, AL 35223

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                 RECEIVED NYSCEF: 10/28/2021

ARCHROMA U.S. INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ARKEMA INC.
900 First Avenue
King of Prussia, PA 19406

BASF CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

BUCKEYE FIRE EQUIPMENT COMPANY
c/o A Haon Corporate Agent, Inc.
29225 Chagrin Blvd, Suite 350
Pepper Pike, OH 44122

CARRIER GLOBAL CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CHEMDESIGN PRODUCTS INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE, 19808

CHEMGUARD INC.
c/o The Prentice-Hall Corporation System, Inc.
251 Little Falls Drive
Wilmington, New Castle, DE, 19808

CHEMICALS, INC.
c/o Ashok K. Moza
12321 Hatcherville
Baytown, TX 77520

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

CLARIANT CORPORATION
c/o Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

CORTEVA, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DEEPWATER CHEMICALS, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DUPONT DE NEMOURS INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DYNAX CORPORATION
c/o Corporate Systems LLC
3500 S. Dupont Highway
Dover, DE 19901

E. I. DUPONT DE NEMOURS AND COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

KIDDE-FENWAL, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                              RECEIVED NYSCEF: 10/28/2021

NATION FORD CHEMICAL COMPANY
c/o John A. Dickson, IV
2300 Bank Street
Fort Mill, SC 29715

NATIONAL FOAM, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE CHEMOURS COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE CHEMOURS COMPANY FC, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

TYCO FIRE PRODUCTS LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.                                                        6 of 95

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

GILBERTO ALFARO; BONNIE ANZ; WILLIAM
ARNOLD; MARK ATKINSON; AARON BAILEY; JARED
BEDNAR; MICHAEL BELL; DONALD R. BENNETT;
ELIZABETH BENNETT; STEVE BESEKE; WHIT
BLACKWELL; CHERYL BOHLEN; RANDALL BOLEY;
LEIGHTON BOWEN; PHILLIP BOWMAN; LINDA
BOYETTE; BRANDA BRADFORD; JOE BRANOVSKY;
THOMAS BRIGGS; JOHN BRODERICK; DEBORAH
BROWN; MICHAEL BROWN; EDWARD BUNCE;
CATHERINE CALLAHAN; GARY CAMPBELL; KEN
CARLSEN; KENNETH CASPER; LLOYD
CHAMBERLAIN; DAVID CHAMBERS; PATRICK
CLEARY; SANDRA CLEARY; MARLIN CLEMONS;
PHILLIP COBB; LORETTA COLLINS; STEVEN
COLLINS; TIMOTHY CONBOY SR.; BARRY DEAN
CONLEY; DONALD COOKS; DANIEL CRESWELL;
JAMES CROUSE; EUGENE CULP; BRIAN CURNEAL;
LARRY DANIEL; CHERYLE DAVIS; TRELLIS DAY;
CHARLES DENGLER JR.; GERALD DESLAURIERS;
DONNA DESOTO; SEAN DESROCHERS; JAMES
DIXON; ANTHONY DUCEY; TREY DURINGER; JAMES
EASTERLING; WARREN EICHNER; STEPHEN EISELE;
DAVIE EMBRY; NICHOLAS FARRO; SABRINA FEARS;
CRYSTAL FLUCAS; MICHAEL FOWLKES; JEFFERY
FRANCIS; PAUL FRONCZEK; TODD FULLER; ZILLIAN
FULLER; JAIME GARZA; EARLE GIST; BRUCE
GODLOCK; JOHN GOEBEL; FRANCISCO GONZALES;
JUAN GONZALEZ; WILLIAM GRANT; JERRY GRAY;
TIMOTHY GRAY; RONALD GREEN; NATHAN
GRIBBONS; JAMES GRIFFITH; CHRISTOPHER
GRINDHEIM; LOWELL GRUBB; JENNY GRUEHR;
SHEARL HAMRICK; JAMES HARTMAN; EDWARD
HATFIELD; WILLIAM HEDGE; ANTHONY W.
HELMER JR.; GREGORY SCOTT HENDERSON; JOHN
HOGAN JR.; AMY HOLLINGER; ANDREW HUGGINS;
PATRICK JARMAN; AND GARY R JENSEN JR,

Index No. _____/2021

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Trial by jury is desired in the
County of New York

Venue is designated pursuant to
CPLR § 503(a) & (c) in that the
causes of action occurred in this
county.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

---

       *Plaintiffs,*

-*vs* -

THE 3M COMPANY, f/k/a Minnesota Mining and
Manufacturing Co., AGC CHEMICALS AMERICAS INC.,
AMEREX CORPORATION, ARKEMA INC.,
ARCHROMA MANAGEMENT LLC, BASF
CORPORATION, individually and as successor in interest to
Ciba Inc., BUCKEYE FIRE EQUIPMENT COMPANY,
CARRIER GLOBAL CORPORATION, CHEMDESIGN
PRODUCTS INC., CHEMGUARD INC. CHEMICALS,
INC., CLARIANT CORPORATION, individually and as
successor in interest to Sandoz Chemical Corporation,
CORTEVA, INC., individually and as successor in interest to
DuPont Chemical Solutions Enterprise, DEEPWATER
CHEMICALS, INC., DUPONT DE NEMOURS INC.,
individually and as successor in interest to DuPont Chemical
Solutions Enterprise, DYNAX CORPORATION, E. I.
DUPONT DE NEMOURS AND COMPANY, individually
and as successor in interest to DuPont Chemical Solutions
Enterprise, KIDDE-FENWAL, INC., individually and as
successor in interest to Kidde Fire Fighting, Inc., NATION
FORD CHEMICAL COMPANY, NATIONAL FOAM,
INC., THE CHEMOURS COMPANY, individually and as
successor in interest to DuPont Chemical Solutions
Enterprise, THE CHEMOURS COMPANY FC, LLC,
individually and as successor in interest to DuPont Chemical
Solutions Enterprise, and TYCO FIRE PRODUCTS, LP,
individually and as successor in interest to The Ansul
Company, and DOE DEFENDANTS 1-20, fictitious names
whose present identities are unknown,

       *Defendants.*

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs GILBERTO ALFARO; BONNIE ANZ; WILLIAM ARNOLD; MARK

ATKINSON; AARON BAILEY; JARED BEDNAR; MICHAEL BELL; DONALD R.

BENNETT; ELIZABETH BENNETT; STEVE BESEKE; WHIT BLACKWELL; CHERYL

BOHLEN; RANDALL BOLEY; LEIGHTON BOWEN; PHILLIP BOWMAN; LINDA

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

BOYETTE; BRANDA BRADFORD; JOE BRANOVSKY; THOMAS BRIGGS; JOHN BRODERICK; DEBORAH BROWN; MICHAEL BROWN; EDWARD BUNCE; CATHERINE CALLAHAN; GARY CAMPBELL; KEN CARLSEN; KENNETH CASPER; LLOYD CHAMBERLAIN; DAVID CHAMBERS; PATRICK CLEARY; SANDRA CLEARY; MARLIN CLEMONS; PHILLIP COBB; LORETTA COLLINS; STEVEN COLLINS; TIMOTHY CONBOY SR.; BARRY DEAN CONLEY; DONALD COOKS; DANIEL CRESWELL; JAMES CROUSE; EUGENE CULP; BRIAN CURNEAL; LARRY DANIEL; CHERYLE DAVIS; TRELLIS DAY; CHARLES DENGLER JR.; GERALD DESLAURIERS; DONNA DESOTO; SEAN DESROCHERS; JAMES DIXON; ANTHONY DUCEY; TREY DURINGER; JAMES EASTERLING; WARREN EICHNER; STEPHEN EISELE; DAVIE EMBRY; NICHOLAS FARRO; SABRINA FEARS; CRYSTAL FLUCAS; MICHAEL FOWLKES; JEFFERY FRANCIS; PAUL FRONCZEK; TODD FULLER; ZILLIAN FULLER; JAIME GARZA; EARLE GIST; BRUCE GODLOCK; JOHN GOEBEL; FRANCISCO GONZALES; JUAN GONZALEZ; WILLIAM GRANT; JERRY GRAY; TIMOTHY GRAY; RONALD GREEN; NATHAN GRIBBONS; JAMES GRIFFITH; CHRISTOPHER GRINDHEIM; LOWELL GRUBB; JENNY GRUEHR; SHEARL HAMRICK; JAMES HARTMAN; EDWARD HATFIELD; WILLIAM HEDGE; ANTHONY W. HELMER JR.; GREGORY SCOTT HENDERSON; JOHN HOGAN JR.; AMY HOLLINGER; ANDREW HUGGINS; PATRICK JARMAN; AND GARY R JENSEN JR, ("Plaintiffs"), by and through the undersigned counsel, hereby files this Complaint against Defendants, 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co., AGC CHEMICALS AMERICAS INC., AMEREX CORPORATION, ARKEMA INC., ARCHROMA MANAGEMENT LLC, BASF CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER GLOBAL

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

CORPORATION, CHEMDESIGN PRODUCTS INC., CHEMGUARD INC., CHEMICALS, INC., CLARIANT CORPORATION, CORTEVA, INC., DEEPWATER CHEMICALS, INC., DUPONT DE NEMOURS INC., DYNAX CORPORATION, E. I. DUPONT DE NEMOURS AND COMPANY, KIDDE-FENWAL, INC., NATION FORD CHEMICAL COMPANY, NATIONAL FOAM, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, and TYCO FIRE PRODUCTS, LP, and DOE DEFENDANTS 1-20, fictitious names whose present identifies are unknown  (collectively "Defendants") and alleges, upon information and belief, as follows:

## INTRODUCTION

1.      This action arises from the foreseeable contamination of groundwater by the use of aqueous film-forming foam ("AFFF") products that contained per- and poly-fluoroalkyl substances ("PFAS"), including perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA").

2.      PFOS and PFOA are fluorosurfactants that repel oil, grease, and water. PFOS, PFOA, and/or their chemical precursors, are or were components of AFFF products, which are firefighting suppressant agents used in training and firefighting activities for fighting Class B fires. Class B fires include fires involving hydrocarbon fuels such as petroleum or other flammable liquids.

3.      PFOS and PFOA are mobile, persist indefinitely in the environment, bioaccumulate in individual organisms and humans, and biomagnify up the food chain. PFOS and PFOA are also associated with multiple and significant adverse health effects in humans, including but not limited to kidney cancer, testicular cancer, high cholesterol, thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

4. At various times from the 1960s through today, Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or perfluorinated chemicals ("PFCs") contained in AFFF (collectively, "AFFF/Component Products").

5. Defendants designed, manufactured, marketed, distributed, and/or sold AFFF/Component Products with the knowledge that these toxic compounds would be released into the environment during fire protection, training, and response activities, even when used as directed and intended by Defendants.

6. Since its creation in the 1960s, AFFF designed, manufactured, marketed, distributed, and/or sold by Defendants, and/or that contained fluorosurfactants and/or PFCs designed, manufactured, marketed, distributed, and/or sold by Defendants, used as directed and intended by Defendants, and subsequently released into the environment during fire protection, training, and response activities, resulting in widespread PFAS contamination.

7. Due to this contamination, Plaintiffs have suffered real personal injuries, bioaccumulation of PFAS in their bodies, property damage and the diminution in value of their properties as a result of the release of PFAS to their water supplies.

8. Plaintiffs have suffered an assortment of diseases and medical conditions as a direct result of their exposure to the PFAS contamination of their water supply.

9. Plaintiffs, as residents and those who visited, worked, or otherwise dwelled in the Site area, have been unknowingly exposed for many years to PFAS, including at concentrations hazardous to their health.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10. Plaintiffs' unwitting exposure to PFAS in their water supply as a result of the Defendants' conduct, is the direct and proximate cause of Plaintiffs' injuries.

11. Plaintiffs' property has been damaged as a result of the presence of the PFAS in their water supply.

12. Plaintiffs seek recovery from Defendants for injuries, damages, and losses suffered by the Plaintiffs as a result of exposure to the introduction of PFAS and other toxic substance into their water supply, and then into their properties and bodies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

13. This Court has jurisdiction because Defendant Dynax Corporation's principal place of business is located at 103 Fairview Park Drive, Elmsford, New York 10523.

14. Venue is proper in this District under CPLR §503 (a) because the events, omissions and harms that are the basis of Plaintiffs claims occurred in substantial party in this District.

15. This Court has personal jurisdiction over Defendants by virtue of each Defendants' regular and systematic contacts with New York, including, among other things, purposefully marketing, selling and/or distributing their AFFF/Component Products to and within New York, and because they have the requisite minimum contacts with New York necessary to constitutionally permit the Court to exercise jurisdiction over them consistent with traditional notions of fair play and substantial justice.

## PARTIES

**A. Plaintiff**

16. Plaintiff Gilberto Alfaro resides at 1325 Northwestern Dr. Apt. 6204, El Paso, TX 79912. Plaintiff was formerly stationed at Fort Bliss Buffalo Soldier Building 5400 Buffalo

6

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

Soldier Ft Bliss TX (hereinafter the "Site") from <u>1996 to 1999</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Gilberto Alfaro's exposure, Plaintiff has been diagnosed with <u>Diabetes, High Blood Pressure, Kidney Cancer</u>.

17.     Plaintiff <u>Bonnie Anz</u> resides at <u>3105 Keuka Loop, Lakeland, FL 33810</u>. Plaintiff was formerly stationed at <u>3021 McGuire Blvd JB MDL Trenton NJ; Arnold Cir  Lackland AFB TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Pylon Rd   Wright Patterson AFB OH; RAF Greenham Common Greenham, Thatcham RG19 6HN</u> (hereinafter the "Site") from <u>1979 to 1999</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Bonnie Anz's exposure, Plaintiff has been diagnosed with <u>Breast Cancer, High Cholesterol</u>.

18.     Plaintiff <u>William Arnold</u> resides at <u>11438 Crescent Peak, San Antonio, TX 78245</u>. Plaintiff was formerly stationed at <u>Peterson AFB    MO; Randolph AFB    TX</u> (hereinafter the "Site") from <u>1974 to 1989</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

health. As a direct and proximate result of Plaintiff William Arnold's exposure, Plaintiff has been diagnosed with <u>Hypertension, Non-Hodgkins Lymphoma</u>.

19. Plaintiff <u>Mark Atkinson</u> resides at <u>1261 West Wylie Bridge Rd, Woodstock, GA 30188</u>. Plaintiff was formerly stationed at <u>Lackland AFB  Lackland AFB TX; McConnell AFB Wichita KS; Youngstown Reserve Base  Vienne OH</u> (hereinafter the "Site") from <u>1972 to 1983</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Mark Atkinson's exposure, Plaintiff has been diagnosed with <u>Leukemia</u>.

20. Plaintiff <u>Aaron Bailey</u> resides at <u>316 S Post Rd., Midwest City, OK 73130</u>. Plaintiff was formerly stationed at <u>Dyess Air Force Base 1517 Arnold Boulevard Dyess AFB TX; Kadena Air Base Higashi, Kadena, Nakagami District Okinawa --; Keesler AFB 4503 M St Biloxi MS; Tinker Air Force Base 3360 N Avenue Tinker AFB OK</u> (hereinafter the "Site") from <u>1978 to 1996</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Aaron Bailey's exposure, Plaintiff has been diagnosed with <u>High Blood Pressure, High Cholesterol, Kidney Disease, Non-Hodgkins Lymphoma, Stroke</u>.

21. Plaintiff <u>Jared Bednar</u> resides at <u>518 S. Main Street, Hubbard, OH 04425-</u>. Plaintiff was formerly stationed at <u>Lackland AFB  San Antonio TX; Shaw AFB  Shaw SC;</u>

8

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

Sheppard AFB  Sheppard AFB TX (hereinafter the "Site") from 1997 to 2001 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jared Bednar's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Thyroid Disease.

22.     Plaintiff Michael Bell resides at 28968 E 115th St South, Coweta, OK 74429. Plaintiff was formerly stationed at Arnold Cir Lackland AFB Lackland AFB TX; E of City Altus AFB Altus OK; E Van Ettan St Wurtsmith AFB Oscoda MI; Flight Line Dr  Minot AFB ND (hereinafter the "Site") from 1981 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Michael Bell's exposure, Plaintiff has been diagnosed with Colitis, High Cholesterol, Throat Cancer, Ulcerative Colitis.

23.     Plaintiff Donald R. Bennett resides at 9 Prospect Ave, Plattsburgh, NY 12901. Plaintiff was formerly stationed at 426 US Oval Plattsburgh AFB Plattsburgh NY; Academy Blvd Lowry AFB Denver CO; Femoyer St Lackland AFB San Antonio TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Lowry AFB East 38th Avenue and Dahlia Street Denver CO; Plattsburgh AFB 426 US Oval Plattsburgh NY (hereinafter the "Site") from 1981 to 1985 and was living on base at the Site during that time. While living on base at the Site,

9

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Donald R. Bennett's exposure, Plaintiff has been diagnosed with Testicular Cancer.

24.     Plaintiff Elizabeth Bennett resides at 4275 South Pine St., Apt B 613 , Tacoma, WA 98409. Plaintiff was formerly stationed at Fairchild AFB 300 N Short Street Fairchild AFB WA; Keesler AFB 4503 M St Biloxi MS; Randolph AFB  555 E St E Bldg 581  JBSA Randolph TX (hereinafter the "Site") from 1980 to 1982 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Elizabeth Bennett's exposure, Plaintiff has been diagnosed with Chronic Lymphocytic Leukemia, Ovarian Cancer.

25.     Plaintiff Steve Beseke resides at 7943 N Pueblo Cir, Casa Grande, AZ 85194. Plaintiff was formerly stationed at Camp Bullis 6457 Camp Bullis Rd San Antonio TX; F E Warren AFB F.E. Warren's Main Gate 7100 Saber Road F.E. Warren AFB WY; Germany AFB Kisling Memorial Drive Ramstein Ramstein AE; Lackland AFB Building #2292 JBSA-Lackland AFB Lackland AFB TX; Toothpah Test Range Airport   NV (hereinafter the "Site") from 1982 to 1993 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Steve Beseke's exposure, Plaintiff has been diagnosed with Prostate Cancer.

26.　　Plaintiff Whit Blackwell resides at 3343 Pizgah Covered Bridge Rd., Asheboro, NC 27205. Plaintiff was formerly stationed at Lackland AFB　TX; Lackland Air Force Base 2292　JBSA-Lackland　Lackland AFB TX; Nellis AFB　　NV; Nellis Air Force Base 5941 Fitzgerald Blvd.　Nellis AFB NV; Sheppard AFB　　TX; Sheppard Air Force Base 1810 J Ave Sheppard AFB TX (hereinafter the "Site") from 1979 to 1983 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Whit Blackwell's exposure, Plaintiff has been diagnosed with Chronic Lymphocytic Leukemia, Leukemia.

27.　　Plaintiff Cheryl Bohlen resides at 887 Totem Woods Court,, Ballwin, MO 63021. Plaintiff was formerly stationed at Keesler AFB　Biloxi MS; San Antonio　San Antonio TX; Wright- Patterson　Wright- Patterson OH (hereinafter the "Site") from 1981 to 1982 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Cheryl Bohlen's exposure, Plaintiff has been diagnosed with Thyroid Disease.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

28. Plaintiff <u>Randall Boley</u> resides at <u>15 Loblolly Court, Newington, GA 30446</u>. Plaintiff was formerly stationed at <u>Fort Bliss,  TX; Ft Carson  6001 Wetzel Ave, Fort Carson CO</u> (hereinafter the "Site") from <u>2005 to 2007</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Randall Boley's exposure, Plaintiff has been diagnosed with <u>Cancer, Leukemia, Myeloid Leukemia</u>.

29. Plaintiff <u>Leighton Bowen</u> resides at <u>6101 N. Sair Hill St, Philadelphia, PA 19120</u>. Plaintiff was formerly stationed at <u>Bleidorn karden Base in Germany   GER; Fort Bliss Buffalo Soldier  Building 5400 Buffalo Soldier Fort Bliss TX; Fort Carson Army Community Service 6303 Wetzel Ave.  Bldg. 1526 Fort Carson TX; Fort Hood Bldg. 36000, Darnall Loop  2nd Floor Kileen TX; Fort Sill B4700 Mow-Way Road Fort Sill OK; Kuwait</u> (hereinafter the "Site") from <u>1989 to 1997</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Leighton Bowen's exposure, Plaintiff has been diagnosed with <u>Hyperthyroidism, Thyroid Disease</u>.

30. Plaintiff <u>Phillip Bowman</u> resides at <u>241 Caquiny Loop, Fort Bragg, NC 28307</u>. Plaintiff was formerly stationed at <u>Fort Carson 6001 Wetzel Ave Fort Carson CO; Fort Hood Fort Hood TX; Fort Knox 411 Eisenhower Avenue  Building 1477 Fort Knox KY</u> (hereinafter the "Site") from <u>2000 to 2012</u> and was living on base at the Site during that time. While living on

12

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Phillip Bowman's exposure, Plaintiff has been diagnosed with <u>Ulcerative Colitis</u>.

31.     Plaintiff <u>Linda Boyette</u> resides at <u>2120 speers valley rd, Duffield, VA 24244</u>. Plaintiff was formerly stationed at <u>1330 Cannon Ave Seymour Johnson AFB Goldsboro NC; Chanute AFB  -- Rantoul IL; Keesler AFB 4503 M St Biloxi MS; Lackland Airforce Base Building #2292 JBSA-Lackland AFB, Lackland AFB, TX; Osan Air Base 442 Jeokbong-ri, Seotan-myeon, Pyeongtaek-si,  Gyeonggi-do --; Seymour Johnson AFB 1330 Cannon Ave Goldsboro NC</u> (hereinafter the "Site") from <u>1974 to 1983</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Linda Boyette's exposure, Plaintiff has been diagnosed with <u>Breast Cancer, Ulcerative Colitis</u>.

32.     Plaintiff <u>Branda Bradford</u> resides at <u>601 Starkey Rd., Lot 114, Largo, FL 33771</u>. Plaintiff was formerly stationed at <u>Cubi Point, Philippines  ; Key West Naval Base   FL; Marine Corps. Logistics Base Albany   GA; NAS Kingsville   TX; Norfolk Naval Base   VA; Vietnam</u> (hereinafter the "Site") from <u>1981 to 1992</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

concentrations hazardous to their health. As a direct and proximate result of Plaintiff Branda Bradford's exposure, Plaintiff has been diagnosed with <u>Kidney Cancer</u>.

33.    Plaintiff <u>Joe Branovsky</u> resides at <u>7114 42nd St. Court, Oakdale, MN 55128</u>. Plaintiff was formerly stationed at <u>1033 Truemper St Lackland AFB Lackland AFB TX; 4503 M St Keesler AFB Biloxi MS; Harpe BLVD Columbus AFB Columbus MS</u> (hereinafter the "Site") from <u>1987 to 1987</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Joe Branovsky's exposure, Plaintiff has been diagnosed with <u>Hypothyroidism</u>.

34.    Plaintiff <u>Thomas Briggs</u> resides at <u>PO Box 1359, Ogdensburg, NY 13669</u>. Plaintiff was formerly stationed at <u>6454 State Highway 37  Ogdensburg NY; Eglin AFB    FL; Eglin AFB 2591 Eglin Boulevard Eglin Air Force Base FL; Lackland AFB    VA; Lackland AFB San Antonio TX; Lackland AFB Gateway East, Building #2292 JBSA-Lackland AFB TX; Mildenhall, UK  ; RAF Mildenhall  Kansas Road Bldg 460, RAF Mildenhall Bury St Edmunds Suffolk --; Sheppard AFB 1810 J Ave Sheppard AFB FL; Sheppard AFB 1810 J Ave Sheppard AFB TX</u> (hereinafter the "Site") from <u>1978 to 1983</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Thomas Briggs's exposure, Plaintiff has been diagnosed with <u>Prostate Cancer</u>.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/28/2021

35. Plaintiff John Broderick resides at 1829 Northeast 11th Street, Moore, OK 73160. Plaintiff was formerly stationed at Lackland AFB 2602 Luke Blvd Lackland AFB TX; McConnell AFB 52802 Kansas Street Building #169 McConnell AFB KS (hereinafter the "Site") from 1982 to 1984 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff John Broderick's exposure, Plaintiff has been diagnosed with Kidney Cancer.

36. Plaintiff Deborah Brown resides at 4001 Garden Springs Dr., Forth Worth, TX 76123. Plaintiff was formerly stationed at Chanute AFB  Rantoul IL; Chanute Air Force Base -- Rantoul IL; Lackland  San Antonio TX; Lackland Air Force Base Gateway East, Building #2292 JBSA-Lackland AFB TX; Naval Air Station Joint Reserve Base Coody Drive Westworth Village TX; Unknown  Carswell TX (hereinafter the "Site") from 1985 to 1989 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Deborah Brown's exposure, Plaintiff has been diagnosed with Hypothyroidism, Thyroid Disease.

37. Plaintiff Michael Brown resides at 194 Wood Trail, Kerrville, TX 78028. Plaintiff was formerly stationed at AIT Fort Sam Houston  Fort Sam Houston TX; Augusta GA  Augusta GA; El Paso  El Paso TX; Ft Polk Louisiana Ave.  Bldg. 5903 Fort Polk LA; Lackland AFB

15

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Gateway East Building #2292 JBSA-Lackland AFB TX; San Antonio Fort Sam Houston San Antonio TX (hereinafter the "Site") from 1970 to 1992 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Michael Brown's exposure, Plaintiff has been diagnosed with Renal Cell Carcinoma.

38.     Plaintiff Edward Bunce resides at 115 Highland Blvd, Hallseville, TX 75650. Plaintiff was formerly stationed at Dorchester Rd # B JB Charleston North Charleston SC; 245 Davis Ave E Barksdale AFB LA; 32 Connecticut Rd Loring AFB Limestone ME; 344 Tuskegee Airmen Blvd Grand Forks AFB ND; 7800 Tyndall Pkwy Tyndall AFB FL; Arnold Cir Lackland AFB TX; Aviation Center Dr Chanute AFB Rantoul IL; Kelly St Maxwell AFB Montgomery AL (hereinafter the "Site") from 1981 to 2007 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Edward Bunce's exposure, Plaintiff has been diagnosed with Hypothyroidism.

39.     Plaintiff Catherine Callahan resides at 6170 Border Trail Dr, San Antonio, TX 78240. Plaintiff was formerly stationed at Brooks AFB 3201 Sidney Brooks San Antonio TX; Holloman AFB Main Gate 750 First Street Off of Hwy 70 West Holloman AFB NM (hereinafter the "Site") from 1983 to 1992 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and

16

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Catherine Callahan's exposure, Plaintiff has been diagnosed with <u>Brain Lesions, Hyperthyroidism</u>.

40.     Plaintiff <u>Gary Campbell</u> resides at <u>P.O. Box 1370, Chilhowie, VA 24319</u>. Plaintiff was formerly stationed at <u>Eglin AFB 2591 Eglin Boulevard Eglin Air Force Base FL; Keesler AFB 4503 M St Biloxi MS; Lackland Air Force Base Building #2292 JBSA-Lackland AFB TX; Plattsburg Airforce 426 US Oval Plattsburgh NY; Plattsburgh AFB 31 Washington Rd Plattsburgh NY</u> (hereinafter the "Site") from <u>1986 to 1988</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Gary Campbell's exposure, Plaintiff has been diagnosed with <u>Autoimmune Disorders, Tumor, Ulcerative Colitis</u>.

41.     Plaintiff <u>Ken Carlsen</u> resides at <u>6011 Pleasant Meadow, San Antonio, TX 78222</u>. Plaintiff was formerly stationed at <u>Carl Schurz Kaserne Barracks, Germany  ; Fort Hood   TX; Fort Huachuca   AZ; Kuwait  ; Warner Barracks, Germany</u> (hereinafter the "Site") from <u>1980 to 1991</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct

17

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

and proximate result of Plaintiff Ken Carlsen's exposure, Plaintiff has been diagnosed with Thyroid Disease.

42.     Plaintiff Kenneth Casper resides at 69 Liederkranz Ln, IL, Millstadt, IL 62260. Plaintiff was formerly stationed at Charleston AFB  North Charleston SC; Charleston AFB North Charlston SC; Fairchild AFB  Fairchild WA; Lowry AFB  Denver CO; Plattsburgh AFB Plattsburgh NY; Scott AFB  Scott IL; Sheppard AFB  Sheppard TX; Warren AFB  Cheyenne WY (hereinafter the "Site") from 1982 to 2002 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Kenneth Casper's exposure, Plaintiff has been diagnosed with Kidney Cancer.

43.     Plaintiff Lloyd Chamberlain resides at 3807 Atlantis St, Las Vegas, NV 89121. Plaintiff was formerly stationed at Chanute AFB   IL; Grissom ARB   IN; Hurlburt Field AFB FL; Lackland  TX; Pope Army Airfield  NC (hereinafter the "Site") from 1981 to 1991 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Lloyd Chamberlain's exposure, Plaintiff has been diagnosed with Leukemia.

44.     Plaintiff David Chambers resides at 2866 south West Indian Place, Redman, OR 97756. Plaintiff was formerly stationed at Air Force Base -- Germany --; Chanute Air Force Base

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                 RECEIVED NYSCEF: 10/28/2021

-- Rantoul IL; Lackland AFB Building #2292 JBSA-Lackland AFB TX; Malmstrom Air Force Base 21 77th Street N., Building 500, Rm 151A Malmstrom AFB MT; Misawa Air Base 033-0022 Aomori Misawa --; Mountain Home Air Force Base Building #5400 Mountain Home AFB ID; PANG Base 6801 NE Cornfoot Rd Portland OR; RAF Lakenheath Chester St, Lakenheath, Brandon IP27 9PS (hereinafter the "Site") from 1991 to 1999 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff David Chambers's exposure, Plaintiff has been diagnosed with Hypothyroidism, Thyroid Disease.

45.     Plaintiff Patrick Cleary resides at 106 Hershey Rd., Shippins Burg, PA 17257. Plaintiff was formerly stationed at 18500 E 6th Ave Buckley AFB Aurora CO; Lackland AFB San Antonio TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX (hereinafter the "Site" from 1995 to 1998 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Patrick Cleary's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Thyroid Disease.

46.     Plaintiff Sandra Cleary resides at 1050 Ridgecrest Drive, Wooster, OH 44691. Plaintiff was formerly stationed at Fort Dix   NJ; Fort McClellan   AL; Fort Sam Houston   TX (hereinafter the "Site") from 1972 to 1973 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Sandra Cleary's exposure, Plaintiff has been diagnosed with <u>Thyroid Disease</u>.

47.     Plaintiff <u>Marlin Clemons</u> resides at <u>1220 Moorhead Place, Apt 206, Sumter, SC 29150-</u>. Plaintiff was formerly stationed at <u>1034 Alice Drive  Sumter SC; 1220 Moorehead Place Sumter SC; 1220 Moorehead Place Apt 206 Sumter SC; 2896 Imperial Way  Sumter SC; Brooks AFB   TX; Brooks AFB 8010 Outer Circle Rd San Antonio TX; Clark AFB OMNI Driveway, Clark Freeport Mabalacat, Pampanga --; Clark AFB Philippines ; Columbus AFB   Columbus MS; Columbus Air Force Base U.S. 45 Columbus MS; Craig AFB -- Selma AL; King Salmon AFB   AK; King Salmon AFB -- King Salmon AK; Lackland AFB  San Antonio TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Meadow Circle  Sumter SC; Osan Air Base 442 Jeokbong-ri, Seotan-myeon, Pyeongtaek-si,  Gyeonggi-do --; Osan Korea   ; Ridge Road  Columbus MS; Shaw AFB  Shaw SC; Shaw Air Force Base 411 Polifka Drive Shaw AFB SC</u> (hereinafter the "Site") from <u>1970 to 1990</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Marlin Clemons's exposure, Plaintiff has been diagnosed with <u>Hepatitis C, Liver Cancer, Liver Problems</u>.

48.     Plaintiff <u>Phillip Cobb</u> resides at <u>1610 E Cone Blvd, Greensboro, NC 27405</u>. Plaintiff was formerly stationed at <u>Germany   ; Lackland AFB, TX Building #2292 JBSA-</u>

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Lackland AFB Lackland AFB TX; Philippines (hereinafter the "Site") from 1979 to 1988 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Phillip Cobb's exposure, Plaintiff has been diagnosed with Hyperthyroidism.

49.     Plaintiff Loretta Collins resides at 3238 N 161st Terrace, Omaha, NE 68116. Plaintiff was formerly stationed at NAS Chase Field, TX   Chase Field TX; Submarine Base Pearl Harbor, HI  Joint Base Pearl Harbor-Hickam HI (hereinafter the "Site") from 1986 to 1990 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Loretta Collins's exposure, Plaintiff has been diagnosed with Thyroid Disease.

50.     Plaintiff Steven Collins resides at 11333 Curry Trails, Marysville, CA 95901. Plaintiff was formerly stationed at Blaine Airport Station -- Blaine WA; Blaine Airport Station WA   WA; Lackland Air Force Base Building #2292 JBSA-Lackland AFB TX; Lackland San Antonio, TX JBSA-Fort Sam Houston San Antonio TX; Massaw Airbase Japan   Misawa ; Misawa Air Base Shitasawa Misawa Aomori --; Shephard Airforce base, TX 1810 J Ave, Sheppard AFB TX; Sheppard Air Force Base 1810 J Ave Sheppard AFB TX (hereinafter the "Site") from 1975 to 1979 and was living on base at the Site during that time. While living on

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Steven Collins's exposure, Plaintiff has been diagnosed with Lung Nodules, Testicular Cancer.

51.     Plaintiff Timothy Conboy Sr. resides at 40 Maple Ave Line, Lexington, PA 18932. Plaintiff was formerly stationed at 426 US Oval Plattsburgh AFB Plattsburgh NY; Kirtland AFB Barrack Rd Albuquerque NM; Lackland AFB Bergquist Dr San Antonio TX (hereinafter the "Site") from 1978 to 1981 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Timothy Conboy Sr.'s exposure, Plaintiff has been diagnosed with Cardiac Problems, Prostate Cancer.

52.     Plaintiff Barry Dean Conley resides at 2226 Hwy 3399, Louisa, KY 41230. Plaintiff was formerly stationed at Fort Dix 3021 McGuire Blvd. McGuire NJ; Grand Forks Steen Blvd. Front Gate/Visitors Center  319 FSS Grand Forks AFB ND; Lackland San Antonio 2602 Luke Blvd Lackland AFB TX (hereinafter the "Site") from 1988 to 1992 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Plaintiff Barry Dean Conley's exposure, Plaintiff has been diagnosed with <u>High Cholesterol, Hyperthyroidism</u>.

53. Plaintiff <u>Donald Cooks</u> resides at <u>15337 Westbrook St.,  Detroit, MI 48223</u>. Plaintiff was formerly stationed at <u>Chanute AFB  Rantoul IL; Chanute AFB 501 EAST CONDIT DRIVE Rantoul IL; Eglin AFB   Eglin FL; Eglin AFB FL; Ellington AFB   Houston TX; Ellington Field Joint Reserve Base 11210 Blume Ave Houston TX; Little Rock AFB 1250 Thomas Avenue Jacksonville AR</u> (hereinafter the "Site") from <u>1974 to 1983</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Donald Cooks's exposure, Plaintiff has been diagnosed with <u>High Blood Pressure, Prostate Cancer</u>.

54. Plaintiff <u>Daniel Creswell</u> resides at <u>440 Adelhardt Rd., Moscow Mills, MO 63362</u>. Plaintiff was formerly stationed at <u>Fort Leonard Wood   MO; Lackland AFB   TX; Little Rock AFB    AK</u> (hereinafter the "Site") from <u>2003 to 2005</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Daniel Creswell's exposure, Plaintiff has been diagnosed with <u>Kidney Cancer</u>.

55. Plaintiff <u>James Crouse</u> resides at <u>19201 Cedar Lane, Noble, OK 73068</u>. Plaintiff was formerly stationed at <u>Chanute AFB   Rantoul IL; Fort Knox   Fort Knox KY; Joint Base</u>

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

Lackland  San Antonio TX; MacDill AFB  Tampa FL; Polk Army Base  Polk South LA; Tinker AFB  Oklahoma City OH (hereinafter the "Site") from 1969 to 1975 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Crouse's exposure, Plaintiff has been diagnosed with High Cholesterol, Lung Cancer, Lymphoma.

56.     Plaintiff Eugene Culp resides at 15643 Dawn Crest, San Antonio, TX 78248. Plaintiff was formerly stationed at 1 Harmon Dr  Randolph AFB TX; Dunlop St Boca Chica Field Naval Air Station Key West FL; Naval Air Station Key West 804 Sigsbee Road, Bldg. V4058, Sigsbee Park Key West FL; Peterson Air Force Base Platte Avenue &amp; N Powers Blvd Colorado Springs CO; Platte Avenue &amp;, N Powers Blvd Peterson Air Force Base Colorado Springs CO; Randolph Air Force Base 1 Harmon Drive, Building #1032 JBSA Randolph TX (hereinafter the "Site") from 1969 to 1976 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Eugene Culp's exposure, Plaintiff has been diagnosed with High Cholesterol, Kidney Cancer, Melanoma.

57.     Plaintiff Brian Curneal resides at 9025 Tierra Verde Dr., Apt.1430  , Forth Worth, TX 76177. Plaintiff was formerly stationed at Carswell Air Base  Westworth TX; Carswell Air

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Force Base Coody Dr,  Westworth Village TX; Clark AFB OMNI Driveway, Clark Freeport, Mabalacat, Pampanga --; Clark Air Force Base  Phillipines ; Hurlburt Field  Pensacola FL; Lackland AFB  San Antonio TX; Lackland AFB Hwy 90, SW Military Road Lakeland AFB TX; Naval Air Station Pensacola 280 Taylor Rd Pensacola FL (hereinafter the "Site") from 1987 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Brian Curneal's exposure, Plaintiff has been diagnosed with Prostate Cancer, Thyroid Disease.

58.     Plaintiff Larry Daniel resides at 610 N Grand Ave, Waxahachie, TX 75165. Plaintiff was formerly stationed at Ft Hood   Tex; Ft Hunter Liggett   CA; Germany (hereinafter the "Site") from 1981 to 2019 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Larry Daniel's exposure, Plaintiff has been diagnosed with Prostate Cancer.

59.     Plaintiff Cheryle Davis resides at 3932 Halsey Place, Columbus, OH 43228. Plaintiff was formerly stationed at Koosan AFB Korea 442 Jeokbong-ri, Seotan-myeon, Pyeongtaek-si, Gyeonggi-do, South Korea ; Kunsan AFB Seonyeon-ri, Okseo-myeon, Gunsan-si Jeollabuk-do --; Lackland AFB Gateway East Building #2292 JBSA-Lackland AFB TX; Lackland AFB Hwy 90, SW Military Road Lakeland AFB TX; Langley AFB 210 Sweeney Blvd

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 10/28/2021

Hampton VA; Lowry AFB  Lowry AFB CO; Lowry AFB East 38th Avenue and Dahlia Street Denver CO (hereinafter the "Site") from 1993 to 1997 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Cheryle Davis's exposure, Plaintiff has been diagnosed with Hashimotos Disease, Thyroid Disease.

60.    Plaintiff Trellis Day resides at 2310 Bunny Run Ln. Apt. 422, ARLINGTON, TX 76006-. Plaintiff was formerly stationed at 1600 Saddle Creek Circle Apt 536  Arlington TX; Fort Bliss Buffalo Soldier Building #5400 Ft Bliss TX; Fort Bragg Soldier Support Center Building 4-2843 Normandy Street Ft Bragg NC (hereinafter the "Site") from 1988 to 2014 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Trellis Day's exposure, Plaintiff has been diagnosed with Hyperthyroidism.

61.    Plaintiff Charles Dengler Jr. resides at 94 County Road 170, Corinth, MS 38834. Plaintiff was formerly stationed at Anderson AFB, Guam  Yigo,Guam ; Columbus AFB, MS Columbus AFB MS; Kunsan AFB, Korea Seonyeon-ri, Okseo-myeon, Gunsan-si Jeollabuk-do, SK; Lackland San Antonia TX JBSA-Fort Sam Houston San Antonio, TX; Lowry AFB  Denver, CO; McConnell AFB KS  McConnell AFB KS; Plattsburgh AFB, NY  426 US Oval, Plattsburgh NY; Takhli Thailand  ; Westover AFB MA, 975 Patriot Ave Chicopee MA; Westpoint, MS

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

Westpoint, MS (hereinafter the "Site") from 1968 to 1991 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Charles Dengler Jr.'s exposure, Plaintiff has been diagnosed with Bladder Cancer, Hypothyroidism.

62.     Plaintiff Gerald DesLauriers resides at 1906 Wiltshire Dr., Murfreesboro, TN 37129. Plaintiff was formerly stationed at Fort Dertrick 810 Schreider St Ft Dertrick MD; Ft. Benjamin Harrison 9920 E 59th St Lawrence Ft. Benjamin Harrison IN; Ft. Bragg Building 4-2843 Normandy Street Ft. Bragg NC; Ft. Sam Houston Stanley Rd JBSA-Fort Sam Houston TX (hereinafter the "Site") from 1972 to 1983 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Gerald DesLauriers's exposure, Plaintiff has been diagnosed with High Cholesterol, Kidney Cancer.

63.     Plaintiff Donna Desoto resides at 3161 Tanglewood Trail, Spring Branch, TX 78070. Plaintiff was formerly stationed at Fort McClellan 1023 Fort McClellan Anniston AL; Fort Sam Houston 3060 Stanley Road San Antonio TX (hereinafter the "Site") from 1976 to 1979 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

and proximate result of Plaintiff Donna Desoto's exposure, Plaintiff has been diagnosed with Bladder Problems, Gastritis, Reproductive Disorder, Ulcerative Colitis.

64.     Plaintiff Sean Desrochers resides at 3491 Santa Monica Dr, Abilene, TX 79605. Plaintiff was formerly stationed at Lackland AFB  San Antonio TX; Sheppard AFB  Sheppard TX; Travis AFB  Solano County CA (hereinafter the "Site") from 2001 to 2003 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Sean Desrochers's exposure, Plaintiff has been diagnosed with Myeloma.

65.     Plaintiff James Dixon resides at 1351 Highway 26, Hawkinsville, GA 31036. Plaintiff was formerly stationed at Lackland AFB Gateway East Building #2292 JBSA-Lackland AFB TX (hereinafter the "Site") from 1970 to 1971 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Dixon's exposure, Plaintiff has been diagnosed with Melanoma, Myeloma.

66.     Plaintiff Anthony Ducey resides at P.O. Box 5546, Cleveland, TN 37320-. Plaintiff was formerly stationed at 3600 Windsor Circle NE  Cleveland TN; Lackland AFB  TX; McCord AFB  WA; Shepherd AFB (hereinafter the "Site") from 1978 to 1978 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Anthony Ducey's exposure, Plaintiff has been diagnosed with <u>Thyroid Disease</u>.

67. Plaintiff <u>Trey Duringer</u> resides at <u>32426 7th Ave SW, Federal Way, WA 98023</u>. Plaintiff was formerly stationed at <u>Fort Bliss  El Paso TX; Fort Bliss HQ, US Army Garrison, Fort Bliss ATTN: IMBL-ZA 1741 Marshall Road  Fort Bliss TX; Homestead AFB  Homestead FL; Homestead AFB 29050 Coral Sea Blvd Homeastead FL</u> (hereinafter the "Site") from <u>1977 to 1980</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Trey Duringer's exposure, Plaintiff has been diagnosed with <u>Hyperthyroidism, Thyroid Disease</u>.

68. Plaintiff <u>James Easterling</u> resides at <u>6443 South Morgan, Chicago, IL 60621</u>. Plaintiff was formerly stationed at <u>4503 M St Keesler Air Force Base Biloxi MS; Keesler AFB 4503 M St Biloxi MS; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Nellis Air Force Base 5941 Fitzgerald Blvd.  Nellis AFB NV; W Military Dr Lackland AFB San Antonio TX</u> (hereinafter the "Site") from <u>1973 to 1976</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Easterling's exposure, Plaintiff has been diagnosed with <u>Ulcerative Colitis</u>.

29

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                          RECEIVED NYSCEF: 10/28/2021

69.     Plaintiff Warren Eichner resides at 8261 Squaw Creek 18 Rd., Rapid River, MI 49878. Plaintiff was formerly stationed at Jacksonville   TX; USS Okinawa  ; USS Vogees (hereinafter the "Site") from 1978 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Warren Eichner's exposure, Plaintiff has been diagnosed with Thyroid Disease.

70.     Plaintiff Stephen Eisele resides at 103 Claremont Circle, Brooklyn, MI 49230. Plaintiff was formerly stationed at An Khe; Camp Evans; Fort Knox  Fort Knox KY; Fort Knox 933 Gold Vault Road Building #121  Fort Knox KY; Fort Sam Houston  San Antonio TX; Fort Sam Houston -- San Antonio TX; Saigon; Vietnam (hereinafter the "Site") from 1967 to 1971 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Stephen Eisele's exposure, Plaintiff has been diagnosed with Carcinoid Tumor, Kidney Disease, Liver Cancer.

71.     Plaintiff Davie Embry resides at 602 Shady Ln, Seagoville, TX 75159. Plaintiff was formerly stationed at NAS Agana  Barrigada and Tamuning; NAS Agana, Guam  ; Naval Air Station Dallas 8100 West Jefferson Street Dallas TX; USNR @ Nas Dallas, TX  Dallas TX (hereinafter the "Site") from 1966 to 1972 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Davie Embry's exposure, Plaintiff has been diagnosed with <u>Cancer, Diabetes, High Blood Pressure, Leukemia</u>.

72. Plaintiff <u>Nicholas Farro</u> resides at <u>333 Bowers Park Cir, Knoxvill, TN 37920</u>. Plaintiff was formerly stationed at <u>1240 NW 135th St.  Miami FL; 2705 SE 158th St Summerfield FL; 2875 SE 159th Las Rd  Summerfield FL; Lake Weir Ave.  Ocala FL; NAS Oceana 1750 Tomcat Blvd Virginia Beach VA; Oceana NAS  Virginia Beach VA; Texas   TX</u> (hereinafter the "Site") from <u>1960 to 1978</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Nicholas Farro's exposure, Plaintiff has been diagnosed with <u>Hyperthyroidism, Hypothyroidism, Thyroid Disease</u>.

73. Plaintiff <u>Sabrina Fears</u> resides at <u>515 S Leighton Ave., Anniston, AL 36207</u>. Plaintiff was formerly stationed at <u>Barksdale AFB 425 Lindbergh Avenue  Barksdale AFB LA; Barksville AFB   LA; Lackland   TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX</u> (hereinafter the "Site") from <u>1994 to 1998</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at

31

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

concentrations hazardous to their health. As a direct and proximate result of Plaintiff Sabrina Fears's exposure, Plaintiff has been diagnosed with <u>Hypothyroidism, Thyroid Disease</u>.

74.     Plaintiff <u>Crystal Flucas</u> resides at <u>1927 Iris St., North Charles, NC 29405</u>. Plaintiff was formerly stationed at <u>Al Udeid Air Base  Qatar AE; Al Udeid Air Base; Balad Air Base Unnamed Road Yathrib --; Fairchild AFB   WA; Fairchild Air Force Base 300 N Short Street Fairchild AF WA; Iraq Air Base  Balad ; Lackland AFB Hwy 90, SW Military Road Lakeland AFB TX; Lackland Joint Base  San Antonio TX</u> (hereinafter the "Site") from <u>2001 to 2008</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Crystal Flucas's exposure, Plaintiff has been diagnosed with <u>Breast Cancer, Cancer</u>.

75.     Plaintiff <u>Michael Fowlkes</u> resides at <u>6194 FM 19, Palestine, TX 75803</u>. Plaintiff was formerly stationed at <u>Great Lakes 2601 E. Paul Jones Street Great Lakes IL; Great Lakes Naval Station 3355 Illinois St North Chicago IL; Lackland AFB 2602 Luke Blvd Lackland AFB TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; NAS Corpus Christi 10651 E Street  Building H-100 4th Deck Corpus Christi TX; NAS Corpus Christi 11001 D St #101 Corpus Christi TX</u> (hereinafter the "Site") from <u>2001 to 2005</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

Michael Fowlkes's exposure, Plaintiff has been diagnosed with <u>Hyperthyroidism, Thyroid Disease</u>.

76. Plaintiff <u>Jeffery Francis</u> resides at <u>810 Egypt Road, Feyetteville, NC 28314-</u>. Plaintiff was formerly stationed at <u>F.E. Warren Air Force Base Missile Dr. F.E. Warren AFB WY; FE Warren AFB 4600 Randall Ave  Francis E. Warren AFB WY; Fort Dix   NJ; Fort Dix 2270 Fort Dix Rd JB MDL NJ; Lackland AFB  San Antonio TX; Lackland Air Force Base SW Military Road Lackland AFB TX</u> (hereinafter the "Site") from <u>1990 to 1994</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jeffery Francis's exposure, Plaintiff has been diagnosed with <u>Diabetes, High Blood Pressure, High Cholesterol, Hyperthyroidism, Kidney Stones, Thyroid Abnormality, Thyroid Disease</u>.

77. Plaintiff <u>Paul Fronczek</u> resides at <u>16929 Bar Harbor Bend, Round Rock, TX 78681</u>. Plaintiff was formerly stationed at <u>Lackalnd AFB  San Antonio TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Randolph AFB 1 Harmon Dr Randolph AFB TX; Randolph AFB 555 E Street E Bldg 581 JBSA Randolph TX; Wright Patterson AFB   OH; Wright- Patterson AFB 4185 Logistics Avenue. Area A. Building #286 Wright-Patterson AFB OH</u> (hereinafter the "Site") from <u>1964 to 1972</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at

33

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

concentrations hazardous to their health. As a direct and proximate result of Plaintiff Paul Fronczek's exposure, Plaintiff has been diagnosed with <u>Hyperthyroidism, Thyroid Disease</u>.

78.     Plaintiff <u>Todd Fuller</u> resides at <u>19407 Landury Ave., Warrensville, OH 44122</u>. Plaintiff was formerly stationed at <u>Chanute AFB    IL; Chanute AFB  -- Rantoul IL; Lackland AFB  TX; Lackland AFB Hwy 90, SW Military Road Lakeland AFB TX; Lauren AFB  ; Loring AFB 42 CSG/CC  Limestone ME</u> (hereinafter the "Site") from <u>1984 to 1988</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Todd Fuller's exposure, Plaintiff has been diagnosed with <u>Prostate Cancer</u>.

79.     Plaintiff <u>Zillian Fuller</u> resides at <u>2917 Sir Walter Crescent, Chesapeake, VA 23321</u>. Plaintiff was formerly stationed at <u>Chanute AFB  Rantoul IL; Fighter Dr Lackland AFB Minot AFB ND; W Military Dr Lackland AFB San Antonio TX</u> (hereinafter the "Site") from <u>1984 to 1991</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Zillian Fuller's exposure, Plaintiff has been diagnosed with <u>Asthma, Diabetes, Thyroid Cancer</u>.

80.     Plaintiff <u>Jaime Garza</u> resides at <u>1810 Varsity Dr., Grand Praire, TX 75051</u>. Plaintiff was formerly stationed at <u>554 McCain St #214 NAS Kingsville Kingsville TX; 8100 West Jefferson Str Naval Air Station Dallas Dallas TX</u> (hereinafter the "Site") from <u>1986 to</u>

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1994 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jaime Garza's exposure, Plaintiff has been diagnosed with Lymphoma.

81.     Plaintiff Earle Gist resides at 9240 Thunderbolt Dr, Jacksonville, FL 32221. Plaintiff was formerly stationed at Jacksonville Naval Base  Jacksonville FL;  Key West, Bellview, Key West Rd Bellview FL; Beeville Naval Air Station Chase Rd Beeville TX; Corpus Christi bases 11001 D St #101 Corpus Christi, TX; Jacksonville Naval Base 6801 Roosevelt Blvd Jacksonville FL; NAS Corpus Christi 11001 D St #101 Corpus Christi TX; NAS Key West Naval Air Station Key West Key West FL (hereinafter the "Site") from 1971 to 1991 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Earle Gist's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Thyroid Disease.

82.     Plaintiff Bruce Godlock resides at 16760 Terrebonne Dr., Tyler, TX 75703. Plaintiff was formerly stationed at Fort Hood  Kileen TX; Fort Ord  Marina CA; Germany GER; Howard AFB  Balboa PAN (hereinafter the "Site") from 1979 to 1985 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                          RECEIVED NYSCEF: 10/28/2021

Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Bruce Godlock's exposure, Plaintiff has been diagnosed with <u>Colitis, Ulcerative Colitis</u>.

83.     Plaintiff <u>John Goebel</u> resides at <u>1166 Australia Ave., Daytona Beach, FL 32114-</u>. Plaintiff was formerly stationed at <u>1810 J Ave.  Sheppard AFB TX; 957 S. Allendale Ave. Sarasota FL</u> (hereinafter the "Site") from <u>1993 to 1993</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff John Goebel's exposure, Plaintiff has been diagnosed with <u>Thyroid Disease</u>.

84.     Plaintiff <u>Francisco Gonzales</u> resides at <u>1006 E Carrol St., Harlingen, TX 78550</u>. Plaintiff was formerly stationed at <u>Incirlik Air Base Hürriyet, Havalimani Iç Yolu Sariçam/Adana --; Incirlik Air Base Turkey Bldg 833  Suite 263 Incirlik Turkey ; Lackland AFB TX Gateway East Building #2292 JBSA-Lackland AFB TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; RAF Croughton England  England ; RAF Croughton Near Brackley, NN13 5XP Northamptonshire --; RAF Upper Heyford  -- Oxfordshire --; Torrejón Air Base Carr. Nacional II, km 22, 800 Madrid --; Torrejon Air Base Spain Carr. Nacional II, km 22, 800, 28850 Madrid, Spain Spain</u> (hereinafter the "Site") from <u>1973 to 1993</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been result accepted for filing by the County Clerk.

Plaintiff Francisco Gonzales's exposure, Plaintiff has been diagnosed with <u>High Blood Pressure, High Cholesterol, Kidney Cancer</u>.

85.     Plaintiff <u>Juan Gonzalez</u> resides at <u>47 Crown Point Road, Rochester, NH 03867-</u>. Plaintiff was formerly stationed at <u>Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Lowry AFB  Lowry AFB CO; Pease AFB 61 International Dr Portsmouth NH</u> (hereinafter the "Site") from <u>1980 to 1986</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Juan Gonzalez's exposure, Plaintiff has been diagnosed with <u>Non-Hodgkins Lymphoma</u>.

86.     Plaintiff <u>William Grant</u> resides at <u>500 Pinerock Ct. Unit C, Alexander, AR 72002</u>. Plaintiff was formerly stationed at <u>1 Shaw Dr  Shaw AFB SC; Bergquist Dr Lackland AFB San Antonio TX; Chanute AFB  Chanute AFB IL; CMSgt Williams Dr  Little Rock AFB AR; Memorial Dr Eacor AFB Blytheville AR</u> (hereinafter the "Site") from <u>1984 to 2007</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff William Grant's exposure, Plaintiff has been diagnosed with <u>Cardiac Problems, High Cholesterol, Hypothyroidism</u>.

87.     Plaintiff <u>Jerry Gray</u> resides at <u>413 Louisia Mae Way, New Burn, NC 28560</u>. Plaintiff was formerly stationed at <u>Fort Benning    GA; Fort Benning 7117 Baltzell Avenue</u>

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Building #7 Fort Benning GA; Fort Carson   CO; Fort Carson 6001 Wetzel Ave Fort Carson CO; Fort Hood   TX; Fort Hood T.J. Mills Boulevard Building #121, 761st Tank Battalion Avenue Fort Hood TX (hereinafter the "Site") from 1987 to 2000 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jerry Gray's exposure, Plaintiff has been diagnosed with Crohns Disease, Ulcerative Colitis.

88.     Plaintiff Timothy Gray resides at 2236 Wood Bluff  Way, Augusta, GA 30909. Plaintiff was formerly stationed at Brooks AFB 8010 Outer Circle Rd San Antonio TX; Charleston AFB  North Charleston, SC; Joint Base Charleston Naval Base  2316 Red Bank Rd Goose Creek SC; Lackland AFB  San Antonio TX; Sheppard AFB  1810 J Ave Sheppard AFB TX; Sheppard AFB 1810 J Ave Sheppard AFB TX (hereinafter the "Site") from 1971 to 1974 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Timothy Gray's exposure, Plaintiff has been diagnosed with Liver Cancer.

89.     Plaintiff Ronald Green resides at 1370 NW 72nd St., Miami, FL 33147. Plaintiff was formerly stationed at Bowling AFB 20 MacDill Blvd SE Washington DC; Flight Man AFB MO; Germany  ; Hahn Air Base -- Kirchberg --; Joint Base Anacostia-Bolling 20 MacDill Blvd SE Washington, D.C. DC; Keesler AFB   MI; Keesler Air Force Base 4503 M St. Biloxi, MS;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Key West AFB 804 Sigsbee Road  Bldg. V4058, Sigsbee Park Key West FL; Lackland AFB 2602 Luke Blvd Lackland AFB TX; Lackland Air Force Base SW Military Road Lackland AFB TX; Lowry AFB East 38th Avenue and Dahlia Street Denver CO; Myrtle Beach AFB   SC; Myrtle Beach AFB -- Myrtle Beach SC; Naval Air Station Key West P.O. Box 9001 Key West FL; Ramstein AFB 3333 Fairchild Ave. Ramstein-Miesenbach --; Tech school  Denver CO; Whiteman AFB 101 Spirit Blvd Whiteman AFB MO (hereinafter the "Site") from 1980 to 1985 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Ronald Green's exposure, Plaintiff has been diagnosed with Liver Problems, Prostate Cancer.

90.    Plaintiff Nathan Gribbons resides at 3455 West 7th St., Winona, MN 55987. Plaintiff was formerly stationed at Lackand Airforce base San Antonio Gateway East Building #2292 JBSA-Lackland AFB TX; Moody Airforce base 9320 Davidson Road Building #16 Moody AF Base GA (hereinafter the "Site") from 2000 to 2002 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Nathan Gribbons's exposure, Plaintiff has been diagnosed with Kidney Cancer.

91.    Plaintiff James Griffith resides at 561 E Lincoln Trail, Radcliffe, KY 40160. Plaintiff was formerly stationed at Fort Hood  Fort Hood TX; Fort Knox  Fort Knox KY; Fort

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Riley   KS; Fort Sam  ; Iraq;  ; Jackson;  ; Korea; (hereinafter the "Site") from 1994 to 2014 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Griffith's exposure, Plaintiff has been diagnosed with Cancer.

92.    Plaintiff Christopher Grindheim resides at 3753 N Henpeck Rd, Quinton, VA 23141. Plaintiff was formerly stationed at Lackland AFB 2602 Luke Blvd Lackland AFB TX; Lackland AFB Hwy 90, SW Military Road Lakeland AFB TX; Patterson AFB 4185 Logistics Avenue Area A Building #286 Wright-Patterson Air Force Base OH; Wright-Patterson Air Force Base 4185 Logistics Avenue, Area A Building #286 Wright-Patterson Air Force Base OH (hereinafter the "Site") from 2000 to 2006 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Christopher Grindheim's exposure, Plaintiff has been diagnosed with Gastrointestinal (GI) symptoms, Ulcerative Colitis.

93.    Plaintiff Lowell Grubb resides at 2009 W Hwy 1376, East Bernstadt, KY 40729. Plaintiff was formerly stationed at Chanute AFB  Rantoul IL; Chanute Air Force Base -- Rantoul IL; Lackalnd AFB 2602 Luke Blvd Lackland AFB TX; Lackland Air Force Base 2292 JBSA-Lackland Lackland AFB TX; Nellis AFB 4311 N Washington Blvd  Suite 102 Nellis AFB NV; Nellis AFB 5941 Fitzgerald Blvd. Nellis AFB NV (hereinafter the "Site") from 1981 to 1987 and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/28/2021

was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Lowell Grubb's exposure, Plaintiff has been diagnosed with <u>Colitis, High Cholesterol, Ulcerative Colitis</u>.

94.     Plaintiff <u>Jenny Gruehr</u> resides at <u>824 Spanish Trail Lot 57, Woodway, TX 76712</u>. Plaintiff was formerly stationed at <u>5756 Hartford St  Fort Dix NJ; 6000 N Post Rd Fort Harrison Indianapolis IN; Bldg 4 Camp Rd Camp Grayling Grayling MI; Camp Atterbury 3008 Old Hospital Rd Edinburgh IN; Camp Grayling Joint Maneuver Training Center, Building #3 Grayling MI; Fort Dix 2270 Fort Dix Rd JB MDL NJ; Fort Douglas 32 Potter St Salt Lake City UT; Fort Harrison 5745 Lawton Loop East Drive Lawrence IN; Fort Harrison 6000 N Post Rd Indianapolis IN; Fort Knox Bullion Blvd Fort Knox KY; Fort McCoy 100 East Headquarters Road Fort McCoy WI; Fort Riley 885 Henry Drive Fort Riley KS; Fort Riley Huebner Rd Fort Riley KS; Fort Sam Houston Harney Path San Antonio TX; Fort Sam Houston Stanley Rd JBSA-Fort Sam Houston TX; Old Hospital Rd Camp Atterbury Joint Maneuver Framklin IN; Speegleville  2120 N New Rd Waco TX</u> (hereinafter the "Site") from <u>1993 to 2012</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Jenny Gruehr's exposure, Plaintiff has been diagnosed with

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

Depression, Hyperthyroidism, Hypothyroidism, Infertility, PTSD, Sleep Apnea, Thyroid Disease.

95.    Plaintiff Shearl Hamrick resides at 5923 Lyndhurst Drive, San Angelo, TX 76901. Plaintiff was formerly stationed at Chanute AFB, IL  Rantoul IL; Eglin AFB 2591 Eglin Boulevard Eglin Air Force Base FL; Korea  ; Lackalnd AFB Gateway East Building #2292 JBSA-Lackland AFB TX (hereinafter the "Site") from 1971 to 2004 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Shearl Hamrick's exposure, Plaintiff has been diagnosed with Testicular Cancer.

96.    Plaintiff James Hartman resides at 1275 Rock Ave Apt. F02,, North Plainfield, NJ 07060-. Plaintiff was formerly stationed at Baghdad, Iraq  ; Colorado Springs 6303 Wetzel Avenue Building #1526 Fort Carson CO; Fort Bragg Normandy Dr. Fort Bragg NC; JBSA Ft Sam Stanley Rd JBSA-Fort Sam Houston TX (hereinafter the "Site") from 2006 to 2008 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff James Hartman's exposure, Plaintiff has been diagnosed with Hyperthyroidism, Thyroid Disease.

97.    Plaintiff Edward Hatfield resides at P.O. BOX 146, Chattaroy, WV 25667. Plaintiff was formerly stationed at Dover AFB 442 13th St Dover DE; JBSA Sam Houston 2330

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 10/28/2021

Stanley Rd San Antonio TX (hereinafter the "Site") from 1971 to 1973 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Edward Hatfield's exposure, Plaintiff has been diagnosed with Non-Hodgkins Lymphoma, Thyroid Disease.

98.     Plaintiff William Hedge resides at 314 West Street, Pendleton, IN 46064. Plaintiff was formerly stationed at England AFB Alexandria Rapides Parish LA; Fort Hood  Fort Hood TX; NAS Jacksonville Naval base 6801 Roosevelt Ave  Naval Air Station Jacksonville FLA (hereinafter the "Site") from 2003 to 2008 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff William Hedge's exposure, Plaintiff has been diagnosed with Hypothyroidism, Thyroid Disease.

99.     Plaintiff Anthony W. Helmer JR. resides at 4300 FM 3021, Brownwood, TX 76801. Plaintiff was formerly stationed at Dyess AFB   TX; Dyess Air Force Base 1517 Arnold Boulevard Dyess AFB TX; Ellsworth  Rapid City SD; Ellsworth AFB 1940 EP Howe Drive Ellsworth SD; Homestead AFB   FL; Homestead AFB 29050 Coral Sea Blvd Homeastead FL; Kadena AFB Higashi, Kadena, Nakagami District Okinawa --; Kadena AFB, Japan (hereinafter the "Site") from 1982 to 1995 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed

43

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Anthony W. Helmer JR.'s exposure, Plaintiff has been diagnosed with <u>Cancer, Chondrosarcoma Cancer</u>.

100.    Plaintiff <u>Gregory Scott Henderson</u> resides at <u>182 Liberty Street, Westminster, MD 21157</u>. Plaintiff was formerly stationed at <u>Fort Devens  Devens MA; Lackland AFB  San Antonio TX</u> (hereinafter the "Site") from <u>1988 to 1990</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Gregory Scott Henderson's exposure, Plaintiff has been diagnosed with <u>Testicular Cancer</u>.

101.    Plaintiff <u>John Hogan Jr.</u> resides at <u>2944 Rolling Brooke Dr., Orlando, FL 32837</u>. Plaintiff was formerly stationed at <u>Boblingen, Germany  Boblingen --; Exchange 3  Hohenfels --; Fort Benning 7117 Baltzell Avenue Building #7 Fort Benning GA; Fort Hauchuca 2520 Healy Avenue Fort Hauchuca AZ; Fort Hood T.J. Mills Boulevard Building #121, 761st Tank Battalion Avenue Fort Hood TX; Fort Polk 1591 Bell Richard Ave Fort Polk LA; Fort Rucker 131 6th Avenue Fort Rucker AL; Goppingen, Germany   Goppingen --; Orlando, FL 12350 Research Pkwy Orlando FL; Seoul, South Korea  ; Soto Cano, Honduras</u> (hereinafter the "Site") from <u>1972 to 1994</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct

44

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

and proximate result of Plaintiff John Hogan Jr.'s exposure, Plaintiff has been diagnosed with High Blood Pressure, High Cholesterol, Leukemia, Prostate Cancer.

102.    Plaintiff Amy Hollinger resides at 11 Rathfarnham rd Apt J, Asheville, NC 28803. Plaintiff was formerly stationed at Chanute base  Rantoul IL; Lackland AFB  San Antonio TX; Wright Patterson AFB 4185 Logistics AvenueArea ABuilding #286 Dayton OH (hereinafter the "Site") from 1987 to 1987 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Amy Hollinger's exposure, Plaintiff has been diagnosed with Breast Cancer, High Blood Pressure, High Cholesterol, Kidney Cancer, Kidney Disease.

103.    Plaintiff Andrew Huggins resides at 8019 Hermosa Hill, San Antonio, TX 78256. Plaintiff was formerly stationed at Lackland AFB  San Antonio TX; Medina Lackland AFB 2602 Luke Blvd Lackland AFB TX; Pensacola Corry Station Building 777, Duncan Road Pensacola FL (hereinafter the "Site") from 1991 to 1998 and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Andrew Huggins's exposure, Plaintiff has been diagnosed with Hypothyroidism, Liver Cancer, Pancreatic Cancer.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

104.    Plaintiff <u>Patrick Jarman</u> resides at <u>805 Tyrrell Road, Raleigh, NC 27609</u>. Plaintiff was formerly stationed at <u>Cherry Point C' Street Building #1 1st Avenue MCAS Cherry Point NC; Fort Bliss Buffalo Soldier  Building 5400 Buffalo Soldier Ft Bliss TX</u> (hereinafter the "Site") from <u>1984 to 1998</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Patrick Jarman's exposure, Plaintiff has been diagnosed with <u>Liver Cancer</u>.

105.    Plaintiff <u>Gary R Jensen Jr</u> resides at <u>1503 Chatsworth Avenue, Deltona, FL 32738</u>. Plaintiff was formerly stationed at <u>1503 Chatsworth Ave  Deltona FL; 17 19th Ave Bayshore NY; Lackland AFB 2602 Luke Blvd Lackland AFB TX; Myrtle Beach AFB 3392 Phillis Blvd Myrtle Beach SC; Sheppard AFB 210 Missile Road Sheppard AFB TX; TDY - Cocoa Beach  FL; TDY - NAS Barbers Point  HI</u> (hereinafter the "Site") from <u>1977 to 1981</u> and was living on base at the Site during that time. While living on base at the Site, Claimant was exposed to PFAS through daily activity and regularly consumed water containing elevated levels of PFAS. Claimant has been exposed for many years to PFAS as a result of the PFAS contamination at the Site, including at concentrations hazardous to their health. As a direct and proximate result of Plaintiff Gary R Jensen Jr's exposure, Plaintiff has been diagnosed with <u>Ulcerative Colitis</u>.

106.    Personnel at the Site stored, handled, used, trained with, tested equipment with, otherwise discharged AFFF products in their facility, therefore contaminating groundwater supplies in the vicinity of the base.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

107.    Plaintiffs have been exposed to PFAS, have elevated levels of these contaminants in their blood, and are at an increased risk of health effects, changes in thyroid hormone, kidney cancer, and other autoimmune diseases.

108.    Plaintiffs have a legitimate fear of developing additional injuries as a result of their exposure to PFAS, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, kidney cancer and other autoimmune diseases.

**B.    Defendants**

109.    The term "Defendants" refers to all Defendants named herein jointly and severally.

     i.    <u>The AFFF Defendants</u>

110.    The term **"AFFF Defendants"** refers collectively to Defendants 3M Company, Angus International Safety Group, Ltd., Amerex Corporation, Buckeye Fire Equipment Company, Carrier Global Corporation, Central Sprinkler, LLC, Chemguard Inc., Fire Products GP Holding, LLC, Johnson Controls International PLC, Kidde-Fenwal, Inc., National Foam, Inc.., and Tyco Fire Products L.P.,

111.    **Defendant The 3M Company f/k/a Minnesota Mining and Manufacturing Co. ("3M")** is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota 55144-1000.

112.    Beginning before 1970 and until at least 2002, 3M designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

113.    **Defendant Amerex Corporation ("Amerex")** is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 7595 Gadsden Highway, Trussville, AL 35173.

114.    Amerex is a manufacturer of firefighting products. Beginning in 1971, it was a manufacturer of hand portable and wheeled extinguishers for commercial and industrial applications.

115.    In 2011, Amerex acquired Solberg Scandinavian AS, one of the largest manufacturers of AFFF products in Europe.

116.    On information and belief, beginning in 2011, Amerex designed, manufactured, marketed distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

117.    **Defendant Tyco Fire Products LP ("Tyco")** is a limited partnership organized under the laws of the State of Delaware, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143-2542.

118.    Tyco is the successor in interest of The Ansul Company ("Ansul"), having acquired Ansul in 1990.

119.    Beginning in or around 1975, Ansul designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

120.    After Tyco acquired Ansul in 1990, Tyco/Ansul continued to design, manufacture, market, distribute, and sell AFFF products containing PFAS, including but not limited to PFOA and PFOS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

121.     **Defendant Chemguard, Inc. ("Chemguard")** is a corporation organized under the laws of the State of Texas, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143.

122.     On information and belief, Chemguard designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

123.     On information and belief, Chemguard was acquired by Tyco International Ltd. in 2011.

124.     On information and belief, Tyco International Ltd. later merged into its subsidiary Tyco International plc in 2014 to change its jurisdiction of incorporation from Switzerland to Ireland.

125.     **Defendant Buckeye Fire Equipment Company ("Buckeye")** is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 110 Kings Road, Kings Mountain, North Carolina 28086.

126.     On information and belief, Buckeye designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

127.     **Defendant National Foam, Inc. ("National Foam")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 141 Junny Road, Angier, North Carolina 27501.

128.     Beginning in or around 1973, National Foam designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

129.    On information and belief, National Foam currently manufactures the Angus brand of AFFF products and is a subsidiary of Angus International Safety Group.

130.    On information and belief, National Foam merged with Chubb Fire Ltd. to form Chubb National Foam, Inc. in or around 1988.

131.    On information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc. (collectively referred to as "Chubb").

132.    On information and belief, Chubb was acquired by Williams Holdings in 1997.

133.    On information and belief, Angus Fire Armour Corporation had previously been acquired by Williams Holdings in 1994.

134.    On information and belief, Williams Holdings was demerged into Chubb and Kidde P.L.C. in or around 2000.

135.    On information and belief, when Williams Holdings was demerged, Kidde P.L.C. became the successor in interest to National Foam System, Inc. and Angus Fire Armour Corporation.

136.    On information and belief, Kidde P.L.C. was acquired by United Technologies Corporation in or around 2005.

137.    On information and belief, Angus Fire Armour Corporation and National Foam separated from United Technologies Corporation in or around 2013.

138.    **Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal")** is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Financial Plaza, Hartford, Connecticut 06101.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/28/2021

139.     On information and belief, Kidde-Fenwal was an operating subsidiary of Kidde P.L.C. and manufactured AFFF following Kidde P.L.C.'s acquisition by United Technologies Corporation.

140.     On information and belief, Kidde-Fenwal is the entity that divested the AFFF business unit now operated by National Foam in 2013.

141.     **Defendant Carrier Global Corporation ("Carrier")** is a corporation organized under the laws of the State of Delaware, with its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418.

142.     On information and belief, Carrier was formed in March 2020 when United Technologies Corporation spun off its fire and security business before it merged with Raytheon Company in April 2020.

143.     On information and belief, Kidde-Fenwal became a subsidiary of Carrier when United Technologies Corporation spun off its fire and security business in March 2020.

144.     On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and sold AFFF products containing PFOS, PFOA, and/or their chemical precursors that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at the Sites.

    ii.     The Fluorosurfactant Defendants

145.     The term **"Fluorosurfactant Defendants"** refers collectively to Defendants 3M, , Arkema Inc., BASF Corporation, ChemDesign Products Incorporated, Chemguard Inc., Deepwater Chemicals, Inc., E.I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours Inc., and Dynax Corporation.

51

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

146.     **Defendant Arkema Inc.** is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 900 First Avenue, King of Prussia, PA 19406.

147.     Arkema Inc. develops specialty chemicals and polymers.

148.     Arkema, Inc. is an operating subsidiary of Arkema France, S.A.

149.     On information and belief, Arkema Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

150.     **Defendant BASF Corporation ("BASF")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 100 Park Avenue, Florham Park, New Jersey 07932.

151.     On information and belief, BASF is the successor-in-interest to Ciba. Inc. (f/k/a Ciba Specialty Chemicals Corporation).

152.     On information and belief, Ciba Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

153.     **Defendant ChemDesign Products Inc. ("ChemDesign")** is a corporation organized under the laws of Delaware, with its principal place of business located at 2 Stanton Street, Marinette, WI, 54143.

154.     On information and belief, ChemDesign designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products

52

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

155. **Defendant Deepwater Chemicals, Inc. ("Deepwater")** is a corporation organized under the laws of Delaware, with its principal place of business located at 196122 E County Road 40, Woodward, OK, 73801.

156. On information and belief, Deepwater Chemicals designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products

157. **Defendant Dynax Corporation ("Dynax")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523.

158. On information and belief, Dynax entered into the AFFF market on or about 1991 and quickly became a leading global producer of fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their chemical precursors.

159. On information and belief, Dynax designed, manufactured, marketed, distributed, and sold fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

160. **Defendant E.I. du Pont de Nemours & Company ("DuPont")** is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

161. **Defendant The Chemours Company ("Chemours Co.")** is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, P.O. Box 2047, Wilmington, Delaware, 19899.

162. In 2015, DuPont spun off its performance chemicals business to Chemours Co., along with vast environmental liabilities which Chemours Co. assumed, including those related

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

to PFOS and PFOA and fluorosurfactants. On information and belief, Chemours Co. has supplied fluorosurfactants containing PFOS and PFOA, and/or their chemical precursors to manufacturers of AFFF products.

163. On information and belief, Chemours Co. was incorporated as a subsidiary of DuPont as of April 30, 2015. From that time until July 2015, Chemours Co. was a wholly-owned subsidiary of DuPont.

164. In July 2015, DuPont spun off Chemours Co. and transferred to Chemours Co. its "performance chemicals" business line, which includes its fluoroproducts business, distributing shares of Chemours Co. stock to DuPont stockholders, and Chemours Co. has since been an independent, publicly-traded company.

165. **Defendant The Chemours Company FC, LLC ("Chemours FC")** is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, Wilmington, Delaware, 19899.

166. **Defendant Corteva, Inc. ("Corteva")** is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Rd., Wilmington, Delaware 19805.

167. **Defendant Dupont de Nemours Inc**. **f/k/a DowDuPont, Inc. ("Dupont de Nemours Inc.")** is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Road, Wilmington, Delaware 19805 and 2211 H.H. Dow Way, Midland, Michigan 48674.

168. On June 1, 2019, DowDuPont separated its agriculture business through the spin-off of Corteva.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

169.    Corteva was initially formed in February 2018. From that time until June 1, 2019, Corteva was a wholly-owned subsidiary of DowDuPont.

170.    On June 1, 2019, DowDuPont distributed to DowDuPont stockholders all issued and outstanding shares of Corteva common stock by way of a pro-rata dividend. Following that distribution, Corteva became the direct parent of E. I. Du Pont de Nemours & Co.

171.    Corteva holds certain DowDuPont assets and liabilities, including DowDuPont's agriculture and nutritional businesses.

172.    On June 1, 2019, DowDuPont, the surviving entity after the spin-off of Corteva and of another entity known as Dow, Inc., changed its name to DuPont de Nemours, Inc., to be known as DuPont ("New DuPont"). New DuPont retained assets in the specialty products business lines following the above-described spin-offs, as well as the balance of the financial assets and liabilities of E.I DuPont not assumed by Corteva.

173.    Defendants E. I. Du Pont de Nemours and Company; The Chemours Company; The Chemours Company FC, LLC; Corteva, Inc.; and DuPont de Nemours, Inc. are collectively referred to as "DuPont" throughout this Complaint.

174.    On information and belief, DuPont designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

175.    On information and belief, 3M and Chemguard also designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

176.    On information and belief, the Fluorosurfactant Defendants designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

their chemical precursors for use in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at the Sites.

### iii.   The PFC Defendants

177.   The term **"PFC Defendants"** refers collectively to 3M, AGC Chemicals Americas Inc., Archroma Management LLC, ChemDesign Products Inc., Chemicals, Inc., Clariant Corporation, Deepwater Chemicals, Inc., E. I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., DuPont de Nemours Inc., and Nation Ford Chemical Company.

178.   **Defendant AGC Chemicals Americas, Inc. ("AGC")** is a corporation organized and existing under the laws of Delaware, having its principal place of business at 55 East Uwchlan Avenue, Suite 201, Exton, PA 19341.

179.   On information and belief, AGC Chemicals Americas, Inc. was formed in 2004 and is a subsidiary of AGC Inc., a foreign corporation organized under the laws of Japan, with its a principal place of business in Tokyo, Japan.

180.   AGC manufactures specialty chemicals.  It offers glass, electronic displays, and chemical products, including resins, water and oil repellants, greenhouse films, silica additives, and various fluorointermediates.

181.   On information and belief, AGC designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

182.   **Defendant Archroma U.S., Inc. ("Archroma")** is a corporation organized and existing under the laws of Delaware, with its a principal place of business at 5435 77 Center Drive, Charlotte, North Carolina 28217.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

183.    On information and belief, Archroma was formed in 2013 when Clariant Corporation divested its textile chemicals, paper specialties, and emulsions business to SK Capital Partners.

184.    On information and belief, Archroma designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

185.    **Defendant Chemicals, Inc. ("Chemicals, Inc.")** is a corporation organized and existing under the laws of Texas, with its principal place of business located at 12321 Hatcherville, Baytown, TX 77520.

186.    On information and belief, Chemicals, Inc. supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

187.    **Defendant Clariant Corporation ("Clariant")** is a corporation organized and existing under the laws of New York, with its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

188.    On information and belief, Clariant is the successor in interest to the specialty chemicals business of Sandoz Chemical Corporation ("Sandoz").  On information and belief, Sandoz spun off its specialty chemicals business to form Clariant in 1995.

189.    On information and belief, Clariant supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 10/28/2021

190.    **Defendant Nation Ford Chemical Co. ("Nation Ford")** is a corporation organized and existing under the laws of South Carolina, with its principal place of business located at 2300 Banks Street, Fort Mill, SC 29715.

191.    On information and belief, Nation Ford supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

192.    On information and belief, 3M, ChemDesign, Deepwater Chemicals, and DuPont also supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

193.    On information and belief, the Fluorochemical Defendants supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at the Sites.

iv.    Doe Defendants 1-20

194.    Doe Defendants 1-20 are unidentified entities or persons whose names are presently unknown and whose actions, activities, omissions  (a) may have permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells; or (b) may be vicariously responsible for entities or persons who permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells;  or (c) may be successors in interest to entities or persons who permitted, caused and/or permitted , contributed to the contamination of Plaintiff's water sources or supply wells. After reasonable search and investigation to ascertain the Doe Defendants actual names, the Doe Defendants' actual identities are unknown to Plaintiff as they are not linked with any of the Defendants on any public source.

58

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

64 of 95

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

195.    The Doe Defendants 1-20 either in their own capacity or through a party they are liable for: (1) designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or PFCs contained in AFFF/Component Products; or (2) used, handled, transported, stored, discharged, disposed of, designed, manufactured, marketed, distributed, and/or sold PFOS, PFOA, and/or their chemical precursors, or other non-AFFF products containing PFOS, PFOA, and/or their chemical precursors; or (3) failed to timely perform necessary and reasonable response and remedial measures to releases of PFOS, PFOA, and/or their chemical precursors, or other non-AFFF products containing PFOS, PFOA, and/or their chemical precursors in to the environment in which Plaintiff's water supplies and well exist.

196.    All Defendants, at all times material herein, acted by and through their respective agents, servants, officers and employees, actual or ostensible, who then and there were acting within the course and scope of their actual or apparent agency, authority or duties. Defendants are liable based on such activities, directly and vicariously.

197.    Defendants represent all or substantially all of the market for AFFF/Component Products at the Sites.

### FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

### A.    PFOA and PFOS and Their Risk to Public Health

198.    PFAS are chemical compounds containing fluorine and carbon. These substances have been used for decades in the manufacture of, among other things, household and commercial products that resist heat, stains, oil, and water. These substances are not naturally occurring and must be manufactured.

199.    The two most widely studied types of these substances are PFOA and PFOS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

200.    PFOA and PFOS have unique properties that cause them to be: (i) mobile and persistent, meaning that they readily spread into the environment where they break down very slowly; (ii) bioaccumulative and biomagnifying, meaning that they tend to accumulate in organisms and up the food chain; and (iii) toxic, meaning that they pose serious health risks to humans and animals.

201.    PFOA and PFOS easily dissolve in water, and thus they are mobile and easily spread in the environment. PFOA and PFOS also readily contaminate soils and leach from the soil into groundwater, where they can travel significant distances.

202.    PFOA and PFOS are characterized by the presence of multiple carbon-fluorine bonds, which are exceptionally strong and stable. As a result, PFOA and PFOS are thermally, chemically, and biologically stable. They resist degradation due to light, water, and biological processes.

203.    Bioaccumulation occurs when an organism absorbs a substance at a rate faster than the rate at which the substance is lost by metabolism and excretion. Biomagnification occurs when the concentration of a substance in the tissues of organisms increases as the substance travels up the food chain.

204.    PFOA and PFOS bioaccumulate/biomagnify in numerous ways. First, they are relatively stable once ingested, so that they bioaccumulate in individual organisms for significant periods of time. Because of this stability, any newly ingested PFOA and PFOS will be added to any PFOA and PFOS already present. In humans, PFOA and PFOS remain in the body for years.

205.    PFOA and PFOS biomagnify up the food chain. This occurs, for example, when humans eat fish that have ingested PFOA and/or PFOS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

206.    The chemical structure of PFOA and PFOS makes them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

207.    Exposure to PFAS is toxic and poses serious health risks to humans and animals.

208.    PFAS are readily absorbed after consumption or inhalation and accumulate primarily in the bloodstream, kidney, and liver.

### B.    Defendants' Manufacture and Sale of AFFF/Component Products

209.    AFFF is a type of water-based foam that was first developed in the 1960s to extinguish hydrocarbon fuel-based fires.

210.    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

211.    AFFF is synthetically formed by combining fluorine-free hydrocarbon foaming agents with fluorosurfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation aqueous film-forming foam.

212.    Beginning in the 1960s, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products that used fluorosurfactants containing either PFOS, PFOA, or the chemical precursors that degrade into PFOS and PFOA.

213.    AFFF can be made without the fluorosurfactants that contain PFOA, PFOS, and/or their precursor chemicals. Fluorine-free firefighting foams, for instance, do not release PFOA, PFOS, and/or their precursor chemicals into the environment.

214.    AFFF that contains fluorosurfactants, however, is better at extinguishing hydrocarbon fuel-based fires due to their surface-tension lowering properties, essentially smothering the fire and starving it of oxygen.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

215.     The fluorosurfactants used in 3M's AFFF products were manufactured by 3M's patented process of electrochemical fluorination ("ECF").

216.     The fluorosurfactants used in other AFFF products sold by the AFFF Defendants were manufactured by the Fluorosurfactant Defendants through the process of telomerization.

217.     The PFCs the Fluorosurfactant Defendants needed to manufacture those fluorosurfactants contained PFOS, PFOA, and/or their chemical precursors and were designed, manufactured, marketed, distributed and/or sold by the PFC Defendants.

218.     On information and belief, the PFC and Fluorosurfactant Defendants were aware that the PFCs and fluorosurfactants they designed, manufactured, marketed, distributed, and/or sold would be used in the AFFF products designed, manufactured, marketed, distributed, and/or sold by the AFFF Defendants.

219.     On information and belief, the PFC and Fluorosurfactant Defendants designed, manufactured, marketed, distributed, and/or sold the PFC and/or fluorosurfactants contained in the AFFF products discharged into the environment at the Site during fire protection, training, and response activities, resulting in widespread PFAS contamination.

220.     On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold the AFFF products discharged into the environment at the Site during fire protection, training, and response activities, resulting in widespread PFAS contamination.

C.     **Defendants' Knowledge of the Threats to Public Health and the Environment Posed by PFOS and PFOA**

221.     On information and belief, by at least the 1970s 3M and DuPont knew or should have known that PFOA and PFOS are mobile and persistent, bioaccumulative and biomagnifying, and toxic.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

222. On information and belief, 3M and DuPont concealed from the public and government agencies its knowledge of the threats to public health and the environment posed by PFOA and PFOS.

223. Some or all of the Defendants understood how stable the fluorinated surfactants used in AFFF are when released into the environment from their first sale to a customer, yet they failed to warn their customers or provide reasonable instruction on how to manage wastes generated from their products.

      i.    <u>1940s and 1950s: Early Warnings About the Persistence of AFFF</u>

224. In 1947, 3M started its fluorochemical program, and within four years, it began selling its PFOA to DuPont. The persistence and contaminating nature of the fluorosurfactants contained in AFFF products were understood prior to their commercial application at 3M's Cottage Grove facility in Minnesota.

225. The inventor of 3M's ECF process was J.H. Simons. Simons' 1948 patent for the ECF process reported that PFCs are "non-corrosive, and of little chemical reactivity," and "do not react with any of the metals at ordinary temperatures and react only with the more chemically reactive metals such as sodium, at elevated temperatures."[1]

226. Simons further reported that fluorosurfactants produced by the ECF process do not react with other compounds or reagents due to the blanket of fluorine atoms surrounding the carbon skeleton of the molecule. 3M understood that the stability of the carbon-to-fluorine bonds prevented its fluorosurfactants from undergoing further chemical reactions or degrading under natural processes in the environment.[2]

---

[1] Simons, J. H., Fluorination of Organic Compounds, U.S. Patent No. 2,447,717. August 24, 1948, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1005.pdf.

[2] Simons, J. H., 1950. Fluorocarbons and Their Production. Fluorine Chemistry, 1(12): 401-422, *available* at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3008.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

227. The thermal stability of 3M's fluorosurfactants was also understood prior to commercial production. Simons' patent application further discloses that the fluorosurfactants produced by the ECF process were thermally stable at temperatures up to 750° C (1382° F). Additional research by 3M expanded the understanding of the thermal stability of perfluorocarbon compounds.[3]

228. Nowhere in any Material Safety Data Sheet for any of Defendants' AFFF/Component Products is information on the thermal stability of those products disclosed. Failure to disclose knowledge of the stability of the PFCs and fluorosurfactants used in AFFF products to customers is a failure to warn just how indestructible the AFFF's ingredients are when released to unprotected water sources and even treatment plants.

ii.    1960s: AFFF's Environmental Hazards Come into Focus

229. By at least the end of the 1960s, additional research and testing performed by 3M and DuPont indicated that fluorosurfactants, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

230. One 3M employee wrote in 1964: "This chemical stability also extends itself to all types of biological processes; there are no known biological organisms that are able to attack the carbon-fluorine bond in a fluorocarbon."[4] Thus, 3M knew by the mid-1960s that its surfactants were immune to chemical and biological degradation in soils and groundwater.

231. 3M also knew by 1964 that when dissolved, fluorocarbon carboxylic acids and fluorocarbon sulfonic acids dissociated to form highly stable perfluorocarboxylate and

---

[3] Bryce, T. J., 1950. Fluorocarbons - Their Properties and Wartime Development. Fluorine Chemistry, 1(13): 423-462.

[4] Bryce, H.G., Industrial and Utilitarian Aspects of Fluorine Chemistry (1964), *available* at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3022.pdf.

64

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

perfluorosulfonate ions. Later studies by 3M on the adsorption and mobility of FC-95 and FC-143 (the ammonium salt of PFOA) in soils indicated very high solubility and very high mobility in soils for both compounds.[5]

### iii. 1970s: Internal Studies Provide Evidence of Environmental and Health Risks

232. By 1950, 3M knew that the fluorosurfactants used in its AFFF product(s) would not degrade when released to the environment, but would remain intact and persist. Two decades later—and after the establishment of a robust market of AFFFs using fluorosurfactants—3M finally got around to looking at the environmental risks that fluorosurfactants posed.

233. An internal memo from 3M in 1971 states that "the thesis that there is 'no natural sink' for fluorocarbons obviously demands some attention."[6] Hence, 3M understood at the very least that the fluorosurfactant used in its AFFF products would, in essence, never degrade once it was released into the environment.

234. By the mid-1970s, 3M and Ansul (and possibly other Defendants) had an intimate understanding of the persistent nature of PFCs. A 1976 study, for example, observed no biodegradation of FC-95, the potassium salt of PFOS; a result 3M characterized as "unsurprising" in light of the fact that "[b]iodegradation of FC 95 is improbable because it is completely fluorinated."[7]

235. In 1977, Ansul authored a report titled "Environmentally Improved AFFF," which acknowledged that releasing AFFF into the environment could pose potential negative impacts to

---

[5] Technical Report Summary re : Adsorption of FC 95 and FC143 on Soil, Feb. 27, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1158.pdf.

[6] Memorandum from H.G. Bryce to R.M. Adams re : Ecological Aspects of Fluorocarbons, Sept. 13, 1971, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1088.pdf.

[7] Technical Report Summary, August 12, 1976 [3MA01252037].

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

groundwater quality.[8] Ansul wrote: "The purpose of this work is to explore the development of experimental AFFF formulations that would exhibit reduced impact on the environment while retaining certain fire suppression characteristic . . . improvements [to AFFF formulations] are desired in the environmental area, i.e., development of compositions that have a reduced impact on the environment without loss of fire suppression effectiveness." Thus, Ansul knew by the mid-1970s that the environmental impact of AFFF needed to be reduced, yet there is no evidence that Ansul (or any other Defendant) ever pursued initiatives to do so.

236.    A 1978 3M biodegradation study likewise reported that an "extensive study strongly suggest[ed]" one of its PFCs is "likely to persist in the environment for extended period unaltered by metabolic attack."[9] A year later, a 3M study reported that one of its fluorosurfactants "was found to be completely resistant to biological test conditions," and that it appeared waterways were the fluorosurfactant's "environmental sink."[10]

237.    In 1979, 3M also completed a comprehensive biodegradation and toxicity study covering investigations between 1975 and 1978.[11] More than a decade after 3M began selling AFFF containing fluorosurfactants it wrote: "there has been a general lack of knowledge relative to the environmental impact of these chemicals." The report ominously asked, "If these materials are not biodegradable, what is their fate in the environment?"

---

[8] Ansul Co., Final Report: Environmentally Improved AFFF, N00173-76-C-0295, Marinette, WI, Dec. 13, 1977, *available at* https://apps.dtic.mil/dtic/tr/fulltext/u2/a050508.pdf.

[9] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - II, Jan. 1, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1153.pdf.

[10] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - III, July 19, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1179.pdf.

[11] Technical Report Summary, Final Comprehensive Report on FM 3422, Feb. 2, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2563.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

238.     During the 1970s, 3M also learned that the fluorosurfactants used in AFFF accumulated in the human body and were "even more toxic" than previously believed.

239.     In 1975, 3M learns that PFAS was present in the blood of the general population.[12] Since PFOA and PFOS are not naturally occurring, this finding should have alerted 3M to the possibility that their products were a source of this PFOS. The finding also should have alerted 3M to the possibility that PFOS might be mobile, persistent, bioaccumulative, and biomagnifying, as those characteristics could explain how PFOS from 3M's products ended up in human blood.

240.     In 1976, 3M found PFAS in the blood of its workers at levels "up to 1000 times 'normal' amounts of organically bound fluorine in their blood."[13] This finding should have alerted 3M to the same issues raised by the prior year's findings.

241.     Studies by 3M in 1978 showed that PFOA reduced the survival rate of fathead minnow fish eggs,[14] that PFOS was toxic to monkeys,[15] and that PFOS and PFOA were toxic to rats.[16] In the study involving monkeys and PFOS, all of the monkeys died within days of ingesting food contaminated with PFOS.

---

[12] Memorandum from G.H. Crawford to L.C. Krogh et al. re: Fluorocarbons in Human Blood Plasma, Aug. 20, 1975, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1118.pdf.

[13] 3M Chronology – Fluorochemicals in Blood, Aug. 26, 1977, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1144.pdf.

[14] The Effects of Continuous Aqueous Exposure to 78.03 on Hatchability of Eggs and Growth and Survival of Fry of Fathead Minnow, June 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1176.pdf.

[15] Ninety-Day Subacute Rhesus Monkey Toxicity Study, Dec. 18, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1191.pdf; Aborted FC95 Monkey Study, Jan. 2, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1193.pdf.

[16] Acute Oral Toxicity ($LD_{50}$) Study in Rats (FC-143), May 5, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1170.pdf; FC-95, FC-143 and FM-3422 – 90 Day Subacute Toxicity Studies Conducted at IRDC – Review of Final Reports and Summary, Mar. 20, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1199.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

242.    In 1979, 3M and DuPont discussed 3M's discovery of PFOA in the blood of its workers and came to the same conclusion that there was "no reason" to notify the EPA of the finding.[17]

iv.    1980s and 1990s: Evidence of AFFF's Health Risks Continues to Mount

243.    By at least the end of the 1980s, additional research and testing performed by Defendants, including at least 3M and DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA, but such data was not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

244.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[18]

245.    In 1983, 3M researchers concluded that concerns about PFAS "give rise to concern for environmental safety," including "legitimate questions about the persistence, accumulation potential, and ecotoxicity of fluorochemicals in the environment."[19] That same year, 3M completed a study finding that PFOS caused the growth of cancerous tumors in rats.[20] This

[17] Memorandum from R.A. Prokop to J.D. Lazerte re: Disclosure of Information on Levels of Fluorochemicals in Blood, July 26, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2723.pdf.

[18] C-8 Blood Sampling Results, *available at* http://tiny.cc/v8z1mz.

[19] 3M Environmental Laboratory (EE & PC), Fate of Fluorochemicals - Phase II, May 20, 1983, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1284.pdf.

[20] Two Year Oral (Diet) Toxicity/Carcinogenicity Study of Fluorochemical FC-143 in Rats, Volume 1 of 4, Aug. 29, 1987, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1337.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 10/28/2021

finding was later shared with DuPont and led them to consider whether "they may be obliged under their policy to call FC-143 a carcinogen in animals."[21]

246.    In 1984, 3M documented a trend of increasing levels of PFOS in the bodies of 3M workers, leading one of the company's medical officers to warn in an internal memo: "we must view this present trend with serious concern. It is certainly possible that . . . exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[22]

247.    A 1997 material safety data sheet ("MSDS") for a non-AFFF product made by 3M listed its only ingredients as water, PFOA, and other perfluoroalkyl substances and warned that the product includes "a chemical which can cause cancer." The MSDS cited "1983 and 1993 studies conducted jointly by 3M and DuPont" as support for this statement. On information and belief, the MSDS for 3M's AFFF products did not provide similar warnings or information.

v.    <u>Defendants Hid What They Knew from the Government and the Public.</u>

248.    Federal law requires chemical manufacturers and distributors to immediately notify the EPA if they have information that "reasonably supports the conclusion that such substance or mixture presents a substantial risk of injury to health or the environment." Toxic Substances Control Act ("TSCA") § 8(e), 15 U.S.C. § 2607(e)

249.    In April 2006, 3M agreed to pay EPA a penalty of more than $1.5 million after being cited for 244 violations of the TSCA, which included violations for failing to disclose studies regarding PFOS, PFOA, and other PFCs dating back decades.

---

[21] Memorandum from R.G. Perkins to F.D. Griffith re: Summary of the Review of the FC-143 Two-Year Feeder Study Report to be presented at the January 7, 1988 meeting with DuPont, January 5, 1988, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1343.pdf.

[22] Memorandum from D.E. Roach to P.F. Riehle re: Organic Fluorine Levels, Aug. 31, 1984, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1313.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

250.     Likewise, in December 2005, the EPA announced it was imposing the "Largest Environmental Administrative Penalty in Agency History" against DuPont based on evidence that it violated the TSCA by concealing the environmental and health effects of PFOA.

251.     On information and belief, Defendants knew or should have known that AFFF containing PFOA or PFOS would very likely injure and/or threaten public health and the environment, even when used as intended or directed.

252.     Defendants failed to warn of these risks to the environment and public health, including the impact of their AFFF/Component Products on the quality of unprotected water sources.

253.     Defendants were all sophisticated and knowledgeable in the art and science of designing, formulating, and manufacturing AFFF/Component Products. They understood far more about the properties of their AFFF/Component Products—including the potential hazards they posed to human health and the environment—than any of their customers. Still, Defendants declined to use their sophistication and knowledge to design safer products.

### D.     The Impact of PFOS and PFOA on the Environment and Human Health Is Finally Revealed

254.     As discussed above, neither 3M, DuPont, nor, on information and belief, any other Defendant complied with their obligations to notify EPA about the "substantial risk of injury to health or the environment" posed by their AFFF/Component Products. *See* TSCA § 8(e).

255.     Despite decades of research, 3M first shared its concerns with EPA in the late 1990s. In a May 1998 report submitted to EPA, "3M chose to report simply that PFOS had been

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

found in the blood of animals, which is true but omits the most significant information," according to a former 3M employee.[23]

256.    On information and belief, 3M began in 2000 to phase out its production of products that contained PFOS and PFOA in response to pressure from the EPA.

257.    Once the truth about PFOS and PFOA was revealed, researchers began to study the environmental and health effects associated with them, including a "C8 Science Panel" formed out of a class action settlement arising from contamination from DuPont's Washington Works located in Wood County, West Virginia.

258.    The C8 panel consisted of three epidemiologists specifically tasked with determining whether there was a probable link between PFOA exposure and human diseases. In 2012, the panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy-induced hypertension (including preeclampsia), and hypercholesterolemia.

259.    Human health effects associated with PFOS exposure include immune system effects, changes in liver enzymes and thyroid hormones, low birth weight, high uric acid, and high cholesterol. In laboratory testing on animals, PFOA and PFOS have caused the growth of tumors, changed hormone levels, and affected the function of the liver, thyroid, pancreas, and immune system.

260.    The injuries caused by PFAS can arise months or years after exposure.

261.    Even after the C8 Science Panel publicly announced that human exposure to 50 parts per trillion, or more, of PFOA in drinking water for one year or longer had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid

---

[23]    Letter    from    R.    Purdy,    Mar.    28,    1999,    *available    at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1001.pdf.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

disease, preeclampsia, and medically-diagnosed high cholesterol, Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFOA in human blood at the levels found within the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind.

262.     Furthermore, Defendants have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent C8 Science Panel was inadequate to satisfy the standards of Defendants to prove such adverse effects upon and/or any risk to humans with respect to PFOA in human blood.

263.     At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith, effectively preventing the public from discovering the existence and extent of any injuries/harm as alleged herein.

264.     On May 2, 2012, the EPA published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty contaminants of concern between 2013 and 2015, including PFOS and PFOA.[24]

265.     In the May 2015 "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFAS's)," scientists and other professionals from a variety of disciplines, concerned about the production and release into the environment of PFOA, called for greater regulation, restrictions, limits on the manufacture and handling of any PFOA containing product, and to develop safe

---

[24] *Revisions to the Unregulated Contaminant Monitoring Regulation (UCMR 3) for Public Water Systems*, 77 Fed. Reg: 26072 (May 2, 2012).

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.[25]

266.    On May 25, 2016, the EPA released a lifetime health advisory (HAs) and health effects support documents for PFOS and PFOA.[26] *See* Fed. Register, Vol. 81, No. 101, May 25, 2016. The EPA developed the HAs to assist governmental officials in protecting public health when PFOS and PFOA are present in drinking water. The EPA HAs identified the concentration of PFOS and PFOA in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure at 0.07 ppb or 70 ppt. The HAs were based on peer-reviewed studies of the effects of PFOS and PFOA on laboratory animals (rats and mice) and were also informed by epidemiological studies of human populations exposed to PFOS. These studies indicate that exposure to PFOS and PFOA over these levels may result in adverse health effects, including:

    a.   Developmental effects to fetuses during pregnancy or to breastfed infants (e.g., low birth weight, accelerated puberty, skeletal variations);

    b.   Cancer (testicular and kidney);

    c.   Liver effects (tissue damage);

    d.   Immune effects (e.g., antibody production and immunity);

    e.   Thyroid disease and other effects (e.g., cholesterol changes).

---

[25] Blum A, Balan SA, Scheringer M, Trier X, Goldenman G, Cousins IT, Diamond M, Fletcher T, Higgins C, Lindeman AE, Peaslee G, de Voogt P, Wang Z, Weber R. 2015. The Madrid statement on poly- and perfluoroalkyl substances (PFASs). Environ Health Perspect 123:A107–A111; http://dx.doi.org/10.1289/ehp.1509934.

[26] *See* Fed. Register, Vol. 81, No. 101, May 25, 2016, Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

267.     In addition, PFOS and PFOA are hazardous materials because they pose a "present or potential threat to human health."[27]

268.     In 2016, the National Toxicology Program of the United States Department of Health and Human Services ("NTP") and the International Agency for Research on Cancer ("IARC") both released extensive analyses of the expanding body of research regarding the adverse effects of PFCs. The NTP concluded that both PFOA and PFOS are "presumed to be an immune hazard to humans" based on a "consistent pattern of findings" of adverse immune effects in human (epidemiology) studies and "high confidence" that PFOA and PFOS exposure was associated with suppression of immune responses in animal (toxicology) studies.[28]

269.     IARC similarly concluded that there is "evidence" of "the carcinogenicity of . . . PFOA" in humans and in experimental animals, meaning that "[a] positive association has been observed between exposure to the agent and cancer for which a causal interpretation is . . . credible."[29]

270.     California has listed PFOA and PFOS to its Proposition 65 list as a chemical known to cause reproductive toxicity under the Safe Drinking Water and Toxic Enforcement Act of 1986.[30]

---

[27] *Id.*; *see also National Ass'n for Surface Finishing v. EPA*, 795 F.3d 1, 3, 6 (D.C. Cir. 2015) (referring to PFOS as a "toxic compound" and a "hazardous chemical.").

[28] *See* U.S. Dep't of Health and Human Services, Nat'l Toxicology Program, *NTP Monograph: Immunotoxicity Associated with Exposure to Perfluorooctanoic Acid or Perfluorooctane Sulfonate* (Sept. 2016), at 1, 17, 19, *available at* https://ntp.niehs.nih.gov/ntp/ohat/pfoa_pfos/pfoa_pfosmonograph_508.pdf

[29] *See* Int'l Agency for Research on Cancer, IARC Monographs: *Some Chemicals Used as Solvents and in Polymer Manufacture* (Dec. 2016), at 27, 97, *available at* http://monographs.iarc.fr/ENG/Monographs/vol110/mono110.pdf.

[30] California Office of Environmental Health Hazard Assessment, *Chemicals Listed Effective Nov. 10, 2017 as Known to the State of California to Cause Reproductive Toxicity: Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS)*, Nov. 9, 2017, *available at* https://oehha.ca.gov/proposition-65/crnr/chemicals-listed-effective-november-10-2017-known-state-california-cause.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

80 of 95

271.    The United States Senate and House of Representatives passed the National Defense Authorization Act in November 2017, which included $42 Million to remediate PFC contamination from military bases, as well as devoting $7 Million toward the Investing in Testing Act, which authorizes the Center for Disease Control and Prevention ("CDC") to conduct a study into the long-term health effects of PFOA and PFOS exposure.[31] The legislation also required that the Department of Defense submit a report on the status of developing a new military specification for AFFF that did not contain PFOS or PFOA.[32]

272.    In June 2018, the Agency for Toxic Substances and Disease Registry ("ATSDR") and EPA released a draft toxicological profile for PFOS and PFOA and recommended the drinking water advisory levels be lowered to 11 ppt for PFOA and 7 ppt for PFOS.[33]

273.    On February 20, 2020, the EPA announced a proposed decision to regulate PFOA and PFOS under the Safe Drinking Water Act, which the agency characterized as a "key milestone" in its efforts to "help communities address per- and polyfluoroalkyl substances (PFAS) nationwide."[34] Following a public comment period on its proposed decision, the EPA will decide whether to move forward with the process of establishing a national primary drinking water regulation for PFOA and PFOS.

---

[31] National Defense Authorization Act for Fiscal Year 2018, H.R. 2810, 115th Congress (2017), *available at* https://www.congress.gov/115/plaws/publ91/PLAW-115publ91.pdf.

[32] *Id.*; *see also* U.S. Department of Defense, *Alternatives to Aqueous Film Forming Foam Report to Congress*, June 2018, *available at* https://www.denix.osd.mil/derp/home/documents/alternatives-to-aqueous-film-forming-foam-report-to-congress/.

[33] ATSDR, *Toxicological Profile for Perfluoroalkyls: Draft for Public Comment* (June 2018), *available at* https://www.atsdr.cdc.gov/toxprofiles/tp200.pdf.

[34] Press Release, *EPA Announces Proposed Decision to Regulate PFOA and PFOS in Drinking Water*, Feb. 20, 2020, *available at* https://www.epa.gov/newsreleases/epa-announces-proposed-decision-regulate-pfoa-and-pfos-drinking-water.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

### E.    AFFF Containing PFOS and PFOA Is Fungible and Commingled in the Groundwater

274.    AFFF containing PFOS and/or PFOA, once it has been released to the environment, lacks characteristics that would enable identification of the company that manufactured that particular batch of AFFF or chemical feedstock.

275.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF and chemical feedstock coming from different manufacturers.

276.    Because precise identification of the specific manufacturer of any given AFFF/Component Product that was a source of the PFAS found at Reese Air Force Base, during fire protection, training, and response activities, resulting in widespread PFAS contamination is nearly impossible, given certain exceptions, Plaintiffs must pursue all Defendants, jointly and severally.

277.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOS and PFOA, to profit from the use of AFFF/Component Products containing PFOS and PFOA, at Plaintiffs' expense, and to attempt to avoid liability.

### MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, AND ENTERPRISE LIABILITY

278.    Defendants in this action are manufacturers that control a substantial share of the market for AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors in the United States and are jointly responsible for the contamination of the groundwater at the Site, affecting groundwater sources within the vicinity of the base. Market share liability attaches to all Defendants and the liability of each should be assigned according to its percentage of the market for AFFF/Component Products at issue in this Complaint.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

279.     Because PFAS is fungible, it is impossible to identify the exact Defendant who manufactured any given AFFF/Component Product containing PFOS, PFOA, and/or their chemical precursors found free in the air, soil or groundwater, and each of these Defendants participated in a territory-wide and U.S. national market for AFFF/Component Products during the relevant time.

280.     Concert of action liability attaches to all Defendants, each of which participated in a common plan to commit the torts alleged herein and each of which acted tortuously in pursuance of the common plan to knowingly manufacture and sell inherently dangerous AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors.

281.     Enterprise liability attaches to all the named Defendants for casting defective products into the stream of commerce.

## **CONSPIRACY**

282.     Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

283.      Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF/Component Products containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

a.     Creating a market for AFFF/Component Products containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

b.     Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

77

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

     c.     Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

284.     Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

     a.     Intentionally representing to the DOD, USAF, USEPA and the public that AFFF/Component Products containing PFOA and PFOS were safe and did not pose an environmental or human health risk;

     b.     Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

     c.     Concealing the dangers of AFFF/Component Products containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

     d.     Using their considerable resources to fight PFOA and PFOS regulation; and

     e.     Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF/Component Products containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

285.     As a direct and proximate result of the Defendants' above-described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

a.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

b.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

c.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources;

## CAUSES OF ACTION

### COUNT 1:
### DEFECTIVE DESIGN

286.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

287.    As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants owed a duty to all persons whom its products might foreseeably harm, including Plaintiffs, and not to market any product which is unreasonably dangerous in design for its reasonably anticipated used.

288.    Defendants' AFFF/Component Products were unreasonably dangerous for its reasonably anticipated uses for the following reasons:

a.    PFAS causes extensive groundwater contamination, even when used in its foreseeable and intended manner;

b.    Even at extremely low levels, PFAS render drinking water unfit for consumption;

c.    PFAS poses significant threats to public health; and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

   d. PFAS create real and potential environmental damage.

289. Defendants knew of these risks and failed to use reasonable care in the design of their AFFF/Component Products.

290. AFFF containing PFOS, PFOA, and/or their chemical precursors poses a greater danger to the environment and to human health than would be expected by ordinary persons such as Plaintiffs.

291. At all times, Defendants were capable of making AFFF/Component Products that did not contain PFOS, PFOA, and/or their chemical precursors. Thus, reasonable alternative designs existed which were capable of preventing Plaintiffs' injuries.

292. The risks posed by AFFF containing PFOS, PFOA, and/or their chemical precursors far outweigh the products' utility as a flame-control product.

293. The likelihood that Defendants' AFFF/Component Products would be spilled, discharged, disposed of, or released into the environment and Plaintiffs' water well has been, and continues to be, contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages that far outweighed any burden on Defendants to adopt an alternative design, and outweighed the adverse effect, if any, of such alternative design on the utility of the product.

294. As a direct and proximate result of Defendants' unreasonably dangerous design, manufacture, and sale of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Plaintiffs' water supply has been, and continues to be, contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages.

295. Defendants knew that it was substantially certain that their acts and omissions described above would contaminate Plaintiffs' water supply with PFAS in varying amounts over

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

time, causing Plaintiffs significant injuries and damages. Contamination that led to the exposure of Plaintiffs' to toxins and increased their risk of numerous diseases. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiffs' health and safety, and/or property rights.

### COUNT 2:
### FAILURE TO WARN

296.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

297.    As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants had a duty to provide adequate warnings of the risks of these products to all persons whom its product might foreseeably harm, including Plaintiffs.

298.    Defendants' AFFF/Component Products were unreasonably dangerous for its reasonably anticipated uses for the following reasons:

a.    PFAS causes extensive groundwater contamination, even when used in its foreseeable and intended manner;

b.    Even at extremely low levels, PFAS render drinking water unfit for consumption;

c.    PFAS poses significant threats to public health; and

d.    PFAS create real and potential environmental damage.

299.    Defendants knew of the health and environmental risks associated with their AFFF/Component Products and failed to provide a warning that would lead an ordinary reasonable user or handler of a product to contemplate the dangers associated with their products or an instruction that would have avoided Plaintiffs' injuries.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

300.     Despite Defendants' knowledge of the environmental and human health hazards associated with the use and/or disposal of their AFFF/Component Products in the vicinity of drinking water supplies, including PFAS contamination of the drinking supplies, Defendants failed to issue any warnings, instructions, recalls, or advice regarding their AFFF/Component Products to Plaintiff, governmental agencies or the public.

301.     As a direct and proximate result of Defendants' failure to warn, Plaintiffs' water supply has been, and continues to be, contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages. Further, this contamination led to the exposure of Plaintiffs to toxins and increased their probabilities of numerous diseases as more fully set forth above.

302.     Defendants knew that it was substantially certain that their acts and omissions described above would contaminate Plaintiffs water supply with PFAS in varying amount, causing Plaintiffs significant injuries and damages. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiffs' health and safety, and/or property rights.

## COUNT 3:
## NEGLIGENCE

303.     Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

304.     As manufacturers of AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors, Defendants owed a duty to Plaintiffs and to all persons whom its products might foreseeably harm and to exercise due care in the formulation, manufacture, sale, labeling, warning, and use of PFAS-containing AFFF.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

305. Defendants owed a duty to Plaintiffs to act reasonably and not place inherently dangerous AFFF/Component Products into the marketplace when its release into the air, soil, and water was imminent and certain.

306. Defendants knew or should have known that PFAS were leaching from AFFF used for fire protection, training, and response activities.

307. Defendants knew or should have known that PFAS are highly soluble in water, highly mobile, extremely persistent in the environment, and high likely to contaminate water supplies if released into the environment.

308. Defendants knew or should have known that the manner in which they were designing, manufacturing, marketing, distributing, and selling their AFFF/Component Products would result in contamination of Plaintiffs' water supply with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages.

309. Despite the fact that Defendants knew or should have known that PFAS are toxic, can contaminate water resources and are carcinogenic, Defendants negligently:

a. designed, manufactured, formulated, handled, labeled, instructed, controlled, marketed, promoted, and/or sold AFFF/Component Products containing PFOS, PFOA, and/or their chemical precursors;

b. issued deficient instructions on how their AFFF/Component Products should be used and disposed of, thereby permitting PFAS to contaminate the groundwater in and around the Site;

c. failed to recall and/or warn the users of their AFFF/Component Products of the dangers of groundwater contamination as a result of standard use and disposal of their products;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

d.  failed and refused to issue the appropriate warning and/or recalls to the users of their AFFF/Component Products; and

e.  failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

310.  The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to a burden to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF/Component Products.

311.  As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF/Component Products, and to take steps to eliminate, correct, or remedy any contamination they caused.

312.  As a direct and proximate result of Defendants' negligence, Plaintiffs' water supply has been contaminated with PFAS, in varying amounts of time, causing Plaintiffs significant injuries and damages.

313.  Defendants knew that it was substantially certain that their acts and omissions described above would cause Plaintiffs' water supply to be contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injuries and damages. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for Plaintiffs' health and safety, and/or property rights.

## COUNT 4:
## TRESPASS

314.  Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

315.    Plaintiffs are the owners, operators, and actual possessors of real property as defined herein.

316.    Defendants designed, manufactured, distributed, marketed, and sold AFFF/Component Products with the actual knowledge and/or substantial certainty that AFFF containing PFOS, PFOA, and/or their chemical precursors would, through normal use, release PFAS that would migrate into groundwater, causing contamination.

317.    Defendants negligently, recklessly, and/or intentionally designed, manufactured, distributed, marketed, and sold AFFF/Component Products in a manner that caused PFAS to contaminate Plaintiffs' property.

318.    As a direct and proximate result of Defendants' trespass, Plaintiffs have suffered and continues to suffer property damage requiring investigation, remediation, and monitoring costs.

319.    Defendants knew that it was substantially certain that their acts and omissions described above would threaten public health and cause extensive contamination of property, including groundwater collected for drinking. Defendants committed each of the above-described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or reckless disregard for the health and safety of others, and for Plaintiffs' property rights.

## <u>COUNT 5:</u>
### ACTUAL FRAUDULENT TRANSFER (DuPont and Chemours Co.)

320.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

321.    Through their effectuation of the Spinoff, Chemours Co. and DuPont (the "Fraudulent Transfer Defendants") caused Chemours Co. to transfer valuable assets to DuPont,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

including but not limited to the $3.9 billion dividend (the "Transfers"), while simultaneously assuming significant liabilities (the "Assumed Liabilities").

322.    The Transfers and Assumed Liabilities were made for the benefit of DuPont.

323.    At the time that the Transfers were made and the Liabilities were assumed, and until the Spinoff was complete, DuPont was in a position to, and in fact did, control and dominate Chemours Co.

324.    The Fraudulent Transfer Defendants made the Transfers and incurred the Assumed Liabilities with the actual intent to hinder, delay, and defraud the creditors or future creditors of Chemours Co.

325.    Plaintiffs have been harmed as a result of the conduct of the Fraudulent Transfer Defendants.

326.    Plaintiffs are entitled to avoid the Transfers and to recover property or value transferred to DuPont.

## <u>COUNT 6:</u>
## CONSTRUCTIVE FRAUDULENT TRANSFER (DuPont and Chemours Co.)

327.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

328.    Chemours Co. did not receive reasonably equivalent value from DuPont in exchange for the Transfers and Assumed Liabilities.

329.    Each of the Transfers and the assumption of the Assumed Liabilities by Chemours Co. was made to or for the benefit of DuPont.

330.    At the time that the Transfers were made, and the Assumed Liabilities were assumed, and until the Spinoff was complete, DuPont was in a position to, and in fact did, control and dominate Chemours Co.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

331.    The Fraudulent Transfer Defendants made the Transfers and assumed the Assumed Liabilities when Chemours Co. was engaged or about to be engaged in a business for which its remaining assets were unreasonably small in relation to its business.

332.    Chemours Co. was insolvent or in contemplation of insolvency at the time of the Transfers or became insolvent as a result of the Transfers and its assumption of the Assumed Liabilities.

333.    At the time that the Transfers were made and Chemours Co. assumed the Assumed Liabilities, the Fraudulent Transfer Defendants intended to incur, or believed or reasonably should have believed, that Chemours Co. would incur debts beyond its ability to pay as they became due.

334.    Plaintiffs have been harmed as a result of the Transfers.

335.    Plaintiffs are entitled to avoid the Transfers and to recover property or value transferred to DuPont.

## COUNT 6:
## PUNITIVE DAMAGES

336.    Plaintiffs adopt, reallege, and incorporate the allegations in the preceding paragraphs and further alleges the following:

337.    Defendants engaged in willful, wanton, malicious, and/or reckless conduct that caused the foregoing damage upon Plaintiff, disregarding their protected rights.

338.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure PFAS would not be released into the environment and inevitably to Plaintiffs' water supply which was contaminated and continues to be contaminated with PFAS in varying amounts over time, causing Plaintiffs significant injury and damage.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/28/2021

339.    Defendants have caused great harm to Plaintiff, acting with implied malice and an outrageously conscious disregard for Plaintiffs' rights and safety, such that the imposition of punitive damages is warranted.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

a.   a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety of Plaintiffs;

b.   an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

c.   an order for an award of attorney fees and costs, as provided by law;

d.   pre-judgment and post-judgment interest as provided by law;

e.   compensatory damages according to proof including, but not limited to:

   i.   costs and expenses related to the past, present, and future investigation, sampling, testing, and assessment of the extent of PFAS contamination at Plaintiffs' water source;

   ii.   costs and expenses related to past, present, and future treatment and remediation of PFAS contamination at Plaintiffs' water source; and

   iii.   costs and expenses related to past, present, and future installation and maintenance of filtration systems to assess and evaluate PFAS at Plaintiffs' water source;

f.   an order barring the transfer of DuPont's liabilities for the claims brought in this Complaint;

g.   an award of punitive damages in an amount sufficient to deter Defendants' similar wrongful conduct in the future;

h.   an award of consequential damages;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2021

i.   an order for an award of attorney fees and costs, as provided by law;

j.   an award of pre-judgment and post-judgment interest as provided by law; and

k.   an order for all such other relief the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

DATED this 26th day of October 2021.

Respectfully submitted,

**NAPOLI SHKOLNIK**

By: /s/ Patrick J. Lanciotti
Patrick J. Lanciotti
Andrew W. Croner
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000
planciotti@napolilaw.com
acroner@napolilaw.com

Paul J. Napoli
270 Munoz Rivera Avenue, Suite 201, Hato Rey,
Puerto Rico 00918
(833) 271-4502
pnapoli@nsprlaw.com

89

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.